1  MARK J. ROSENBAUM (State Bar No. 167168)
     mrosenbaum@wrslawyers.com
2  ELSA M. HOROWITZ (State Bar No. 195689)
     ehorowitz@wrslawyers.com
3  DANIEL MEDIONI (State Bar No. 281329)
     dmedioni@wrslawyers.com
4  WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP
   11400 West Olympic Boulevard, 9th Floor
5  Los Angeles, California 90064-1582
   Telephone:   (310) 478-4100
6  Facsimile:   (310) 479-1422

7  Attorneys for Plaintiff/Judgment Creditor,
   RANDY LUND

8

9              **UNITED STATES BANKRUPTCY COURT**

10             **CENTRAL DISTRICT OF CALIFORNIA**

11                  **LOS ANGELES DIVISION**

| 12 | In re | Case No. 2:07-bk-19182-VZ |
|---|---|---|
| 13 | BENJAMIN LAMAR MATHIS, | Chapter 7 |
| 14 | Debtor. | Adv No. 2:08-ap-01014-VZ |
| 15 | RANDY LUND, an individual, | **NOTICE OF SERVICE OF ORDER TO SHOW CAUSE** |
| 16 | Plaintiff, | |
| 17 | vs. | Date:   October 17, 2019 |
| 18 | BENJAMIN LAMAR MATHIS, an individual, | Time:   11:00 a.m. |
| 19 | | Crtrm:   1368 |
| 20 | Defendant. | Edward R. Roybal Federal Building 255 E. Temple Street Los Angeles, CA 90012 |
| 21 | | |
| 22 | | |
| 23 | | |

24      **TO THE HONORABLE VINCENT P. ZURZOLO, UNITED STATES**

25  **BANKRUPTCY JUDGE; JUDGMENT DEBTOR BENJAMIN LAMAR MATHIS,**

26  **AND HIS ATTORNEYS OF RECORD IF ANY; THE OFFICE OF THE UNITED**

27  **STATES TRUSTEE AND ALL OTHER INTERESTED PARTIES:**

28          **NOTICE IS HEREBY GIVEN** that on October 17, 2019 at 11:00 a.m. in

3800028.1

Courtroom 1368 of the United States Bankruptcy Court, Central District, Los Angeles

Division located at 255 E. Temple Street., Los Angeles, California 90012, before the

Honorable Vincent P. Zurzolo, United States Bankruptcy Judge, a hearing will be held on

an Order to Show Cause ("OSC") why this court should not hold Benjamin Lamar Mathis

in contempt for violation of an order entered on April 15, 2019 ("Turnover Order") [Doc.

#130].  In the Turnover Order, the court granted a motion for turnover of stock certificates

of a Texas Corporation, Mathis Entertainment, Inc. ("Turnover Motion") [Doc. #120].

On September 10, 2019, the Court entered its *Order to Show Cause Why Benjamin Lamar Mathis Should Not Be Held in Contempt for Violation of the Turnover Order Issued by This Court, and Ordered to Turnover Corporate Certificates of Stock* [Doc. #133] ("OSC").  A copy of the OSC is attached hereto as **Exhibit "1"** and is incorporated herein by this reference.

PLEASE TAKE FURTHER NOTICE that Benjamin Lamar Mathis must appear in person at the hearing on the OSC.

NOTICE IS FURTHER PROVIDED that No later than **October 3, 2019**, Benjamin Lamar Mathis must filed a written response to the OSC to explain why he should not be held in contempt for his failure to comply with the Turnover Order.

ADDITIONAL NOTICE IS PROVIDED that **October 10, 2019** is the deadline for plaintiff and judgment creditor Randy Lund ("Creditor") to file and serve a reply (if any), including a judge's copy.

DATED: September 12, 2019

WOLF, RIFKIN, SHAPIRO,
SCHULMAN & RABKIN, LLP


By: _____
    ELSA M. HOROWITZ
    DANIEL MEDIONI
    Attorneys for Plaintiff,  RANDY LUND

# EXHIBIT "1"

MARK J. ROSENBAUM (State Bar No. 167168)
  mrosenbaum@wrslawyers.com
ELSA M. HOROWITZ (State Bar No. 195689)
  ehorowitz@wrslawyers.com
DANIEL MEDIONI (State Bar No. 281329)
  dmedioni@wrslawyers.com
WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP
11400 West Olympic Boulevard, 9th Floor
Los Angeles, California 90064-1582
Telephone:    (310) 478-4100
Facsimile:    (310) 479-1422

Attorneys for Plaintiff/Judgment Creditor,
RANDY LUND

FILED & ENTERED

SEP 10 2019

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY jones        DEPUTY CLERK

CHANGES MADE BY COURT

### UNITED STATES BANKRUPTCY COURT

### CENTRAL DISTRICT OF CALIFORNIA -- LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>BENJAMIN LAMAR MATHIS,<br><br>        Debtor.<br>_____<br><br>RANDY LUND, an individual,<br><br>        Plaintiff,<br><br>        vs.<br><br>BENJAMIN LAMAR MATHIS, an individual,<br><br>        Defendant.<br>_____ | Case No. 2:07-bk-19182-VZ<br><br>Chapter 7<br><br>Adv No. 2:08-ap-01014-VZ<br><br>**ORDER TO SHOW CAUSE WHY BENJAMIN LAMAR MATHIS SHOULD NOT BE HELD IN CONTEMPT FOR VIOLATION OF THE TURNOVER ORDER ISSUED BY THIS COURT, AND ORDERED TO TURNOVER CORPORATE CERTIFICATES OF STOCK**<br><br>Date:  October 17, 2019<br>Time:  11:00 a.m.<br>Ctrm:  1368, Roybal Federal Building<br>       255 E. Temple St,,<br>       Los Angeles, CA 90012 |

### TO BENJAMIN LAMAR MATHIS AND HIS ATTORNEYS OF RECORD:

Pursuant to LBR 9020-1, on August 30, 2019, Randy Lund ("Plaintiff" and "Creditor") filed a Motion for Order to Show Cause Why Benjamin Lamar Mathis ("Defendant" or "Debtor") Should Not Be Held in Contempt for Violation of Turnover Order, Sanctioned and Ordered to Turnover Corporate Certificates of Stock ("OSC Motion", *docket entry #131*).  No party filed an opposition to the OSC Motion as is authorized pursuant to LBR 9020-1.

1    Having reviewed the OSC Motion, and finding good cause, **IT IS ORDERED** that

2  the OSC Motion is **GRANTED** as follows:

3    1.  On **October 17, 2019 at 11:00 a.m.**, a hearing will be held on an Order to Show

4  Cause ("OSC") why this court should not hold Benjamin Lamar Mathis in contempt for

5  violation of an order entered on April 15, 2019 ("Turnover Order", *docket entry #130*).  In

6  the Turnover Order, the court granted a motion for turnover of stock certificates of a Texas

7  Corporation, Mathis Entertainment, Inc. ("Turnover Motion", *docket entry #120*).

8        a.  A copy of the OSC Motion is attached as <u>Exhibit A</u> to this OSC.

9        b.  A copy of the Turnover Order is attached as <u>Exhibit B</u> to this OSC.

10        c.  A copy of the Turnover Motion is attached as <u>Exhibit C</u> to this OSC.

11    2.  No later than **September 13, 2019**, Creditor must file and serve a document with

12  the caption "Notice of Service of Order to Show Cause" which must contain this OSC and

13  the three exhibits indicated.  Service on the Defendant must be made by overnight mail.

14  Service on the attorney of record for the Defendant is acceptable by mail.

15    3.  Benjamin Lamar Mathis must appear in person at the hearing on the OSC.

16    4.  No later than **October 3, 2019**, Benjamin Lamar Mathis must file a written

17  response to the OSC to explain why he should not be held in contempt for his failure to

18  comply with the Turnover Order.

19    5.  **October 10, 2019** is the deadline for Creditor to file and serve a reply (if any),

20  including a judge's copy.

21         ###

22

23

24  Date: September 10, 2019

25         Vincent P. Zurzolo
         United States Bankruptcy Judge

26

27

28

# EXHIBIT "A"

1   MARK J. ROSENBAUM (State Bar No. 167168)
      mrosenbaum@wrslawyers.com
2   ELSA M. HOROWITZ (State Bar No. 195689)
      ehorowitz@wrslawyers.com
3   DANIEL MEDIONI (State Bar No. 281329)
      dmedioni@wrslawyers.com
4   WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP
    11400 West Olympic Boulevard, 9th Floor
5   Los Angeles, California 90064-1582
    Telephone:   (310) 478-4100
6   Facsimile:   (310) 479-1422

7   Attorneys for Plaintiff/Judgment Creditor,
    RANDY LUND

8

9               **UNITED STATES BANKRUPTCY COURT**

10              **CENTRAL DISTRICT OF CALIFORNIA**

11                 **LOS ANGELES DIVISION**

| 12 | In re | Case No. 2:07-bk-19182-VZ |
|----|-------|---------------------------|
| 13 | BENJAMIN LAMAR MATHIS, | Chapter 7 |
| 14 | Debtor. | Adv No. 2:08-ap-01014-VZ |
| 15 | RANDY LUND, an individual, | **NOTICE OF MOTION AND MOTION FOR ORDER TO SHOW CAUSE WHY DEFENDANT/DEBTOR SHOULD** |
| 16 | Plaintiff, | **NOT BE HELD IN CONTEMPT FOR VIOLATION OF THE TURNOVER** |
| 17 | vs. | **ORDER ISSUED BY THIS COURT, AND ORDERED TO TURNOVER** |
| 18 | BENJAMIN LAMAR MATHIS, an individual, | **CORPORATE CERTIFICATES OF STOCK; MEMORANDUM OF** |
| 19 | | **POINTS AND AUTHORITY; DECLARATION IN SUPPORT OF** |
| 20 | Defendant. | **SAME** |
| 21 | | [Order filed and lodged concurrently herewith] |
| 22 | | |
| 23 | | [No hearing set pursuant to LBR 9020-1(d)] |

24        **TO THE HONORABLE VINCENT P. ZURZOLO, UNITED STATES**

25   **BANKRUPTCY JUDGE; JUDGMENT DEBTOR BENJAMIN LAMAR MATHIS,**

26   **AND HIS ATTORNEYS OF RECORD IF ANY, THE OFFICE OF THE UNITED**

27   **STATES TRUSTEE AND ALL OTHER INTERESTED PARTIES:**

28        **PLEASE TAKE NOTICE** that plaintiff/judgment creditor/movant Randy Lund

1  ("Creditor") shall and hereby does bring this *Notice of Motion and Motion for Order to*

2  *Show Cause Why Defendant/Debtor Benjamin Lamar Mathis* ("Debtor") *Should Not Be*

3  *Held in Contempt for Violation of Turnover Order, and Ordered to Turnover Corporate*

4  *Certificates of Stock* (the "Motion").

5      This Motion is based upon Debtor's knowing and willful violation of the April 15,

6  2019 *Turnover Order in Aid of Execution* [Doc. #128] (the "Turnover Order") issued by

7  this Court which required:

8          Judgment Debtor Benjamin Lamar Mathis ("Debtor") within
           ten (10) days of service of notice of this order (mail service is
9          acceptable) **transfer possession of any and all certificates of
           stock in Mathis Entertainment, Inc., a Texas corporation**,
10         whether in Debtor's possession or under his control, **to agent
           named by Movant**.

11

12     Despite repeated demands that the Debtor transfer possession of any and all

13  certificates of stock in Mathis Entertainment, Inc., a Texas corporation, Debtor has failed

14  and refused to do so.

15     This Motion is based upon this Motion and Memorandum of Points and Authorities

16  in support thereof, the Declaration of Daniel Medioni, the proposed Order to Show Cause

17  re Contempt, the pleadings and files in this adversary case, and upon such further oral and

18  documentary evidence as may be presented to the Court in support of the Motion.

19  Pursuant to Federal Rule of Evidence 201 and Federal Rule of Bankruptcy Procedure

20  9017, the Court is requested to take judicial notice of all documents filed in the Debtor's

21  adversary proceeding.

22     **IF YOU DO NOT OPPOSE THE RELIEF REQUESTED IN THE MOTION,**

23  **YOU NEED TAKE NO FURTHER ACTION. HOWEVER, IF YOU OPPOSE THE**

24  **MOTION** you must, pursuant to Local Bankruptcy Rule ("LBR") 9020-1, file an

25  objection to the Motion with the Clerk of the United States Bankruptcy Court, Central

26  District, located at 255 E. Temple Street., Los Angeles, California 90012 and serve such

27  pleadings upon Elsa Horowitz and Daniel Medioni of Wolf, Rifkin, Shapiro, Schulman &

28  Rabkin, LLP at the mailing address indicated in the upper left hand corner of the first page

of this Notice not later than seven (7) days after filing the Motion. Failure to file and serve

an opposition timely may result in any such opposition being waived, and the court may

enter an order granting the Motion without further notice. See, LBR 9020-1(d)(1).

       Respectfully submitted,

DATED: August 30, 2019       WOLF, RIFKIN, SHAPIRO,
                            SCHULMAN & RABKIN, LLP

                     By:       /s/ Elsa M. Horowitz
                        ELSA M. HOROWITZ
                        DANIEL MEDIONI
               Attorneys for Plaintiff, RANDY LUND

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

In this Adversary Proceeding defendant/debtor Benjamin Lamar Mathis ("Debtor") was found liable to plaintiff/judgment creditor/movant Randy Lund ("Creditor") for claims asserted with a business transaction between the two on the basis of fraud. The claim asserted against Debtor was deemed non-dischargeable by this Court pursuant to 11 USC §§523(a)(2)(a), (a)(2)(B), (a)(4) and (a)(6).

On November 19, 2009, Creditor obtained a non-dischargeable judgment (the "Judgment"), after default, against the Debtor. In an effort to enforce the Judgment, Creditor obtained an order from this Court which required Debtor to turnover certain stock to Creditor within ten (10) days of being served with the order. Debtor was served with the order on May 21, 2019. Debtor was therefore required, pursuant to the order, to deliver possession of those certain stock certificates to Creditor or Creditor's agent on or before May 31, 2019. Debtor has willfully disobeyed this Court's order and failed and refused to turn over the stock. As of the filing of this Motion, **Debtor has not turned over or delivered possession of the stock certificates to Creditor**.

Creditor now requests the Court enter an Order to Show Cause against the Debtor for his utter failure to comply with the Turnover Order (as defined below) in addition to a further order by this court compelling Debtor to comply with the prior Turnover Order issued by this Court.

## II.

## STATEMENT OF FACTS/RELEVANT PROCEDURAL HISTORY

On November 19, 2009, Creditor obtained a judgment, after default, against the Judgment Debtor (the "Judgment") in the aggregate amount of $1,047,489.03 (principal sum of $900,000.00 plus prejudgment interest through October 27, 2009 in the sum of $147,489.03). [Doc. # 39] The Court further ruled that "The sum of $1,020,260.96 is deemed non-dischargeable under 11 U.S.C. Sections 523(a)(2)(a), (a)(2)(B), (a)(4) and

1    (a)(6). Post judgment interest shall accrue at the federal rate. Plaintiff shall file a motion

2    for attorney's fees and costs consistent with the Local Bankruptcy Rules." Id.

3        Thereafter, counsel for Creditor realized the typographical error in the Judgment

4    (i.e., the dollar amount), and submitted an amended judgment to correct the same.

5        On December 3, 2009, Creditor obtained an amended judgment against Debtor (the

6    "Amended Judgment") in the aggregate amount of $1,047,489.03 (principal sum of

7    $900,000.00 plus prejudgment interest through October 27, 2009 in the sum of

8    $147,489.03) plus post judgment interest to accrue at the federal rate. [Doc. # 41]

9        Interest accrues at the rate of 0.3% per day on the Amended Judgment as of

10    December 3, 2009.

11        On March 10, 2010, this Court issued its Order granting Creditor's Motion For

12    Attorney's Fees and Costs Against Debtor in the aggregate amount of $89,059.33 [Doc.

13    #46]

14        On November 18, 2010, an abstract of judgment was issued. [Doc. # 48][Doc. # 50]

15        On November 29, 2010, an *Application for Order to Appear for Examination and*

16    *Production of Documents* (the "2010 ORAP") was issued by the Court.  [Doc. # 49]  The

17    2010 ORAP was issued on December 13, 2010.  [Doc. #51]

18        On August 24, 2016, an *Application for and Renewal of Judgment* was filed with

19    the Court (the "Renewal of Judgment").  [Doc. #74]  The order for Renewal of Judgment

20    was entered by the Court on September 8, 2016.  [Doc. #76]

21        Between 2010 and 2017, there were several Applications for Orders to Appear for

22    Examination and Production of Documents filed by Creditor and issued by the Court.

23        On August 18, 2017, Creditor's counsel filed an *Application for Order to Appear*

24    *for Examination and Production of Documents* (the "2017 ORAP").  [Doc. # 96]  The

25    order on the 2017 ORAP for examination was issued by the Court on September 7, 2017

26    (the "September 7th Order"), which examination was set for February 22, 2018 at 10:00

27    a.m. at The Amin Law Group Ltd., located at 2211 Michelson Drive, Suite 1270, Irvine,

28    California 92612.  [Doc. # 97]

On October 26, 2017, Mark J. Rosenbaum of Wolf, Rifkin, Shapiro, Schulman & Rabkin, LLP substituted into the case as counsel for Creditor.

On October 26, 2017, Mark J. Rosenbaum filed an *Application to Modify Location of Judgment Debtor Examination* ("Application to Modify Location") in order to change the location of the examination to the offices of its new counsel, Wolf, Rifkin, Shapiro, Schulman & Rabkin, LLP, located at 11400 W. Olympic Boulevard, 9th Floor, Los Angeles, California 90064.  [Doc. #100]

On October 30, 2017, the Court issued an order pursuant to the Application to Modify Location, modifying the location of the examination.  [Doc. #102]

On February 15, 2018, the Court entered an Order approving the parties' Stipulation to continue the judgment debtor examination as ordered on September 7, 2017, to March 22, 2018.  As part of the Stipulation and Order thereon, **Judgment Debtor agreed to waive personal service of the Order to Appear for Examination and accept service by electronic mail at the following address**: mathisentinc@aol.com.  [Doc. #107]

On March 27, 2018, Daniel Medioni of Wolf, Rifkin, Shapiro, Schulman & Rabkin LLP, conducted the Judgment Debtor Examination of Debtor.

At the Judgment Debtor Examination, Debtor testified that his sole source of income is derived from a podcast that he produces, but which is owned by Mathis Entertainment, Inc., a Texas corporation (the "Entity").  Debtor testified that he owns 100% of the shares in the Entity.  Debtor also testified that his mother, Margaret Mathis, is the corporate secretary of the Entity and that she maintains the stock certificates for the Entity in her home in Richmond, Texas.

On August 1, 2018, Creditor filed its *Motion for Turnover of Property Notice of Application and Application for Turnover Order in Aid of Execution* (the "2018 Turnover Motion") [Doc. #111] which application was subsequently withdrawn on October 29, 2018. [Doc. #118 and Doc #119]

On February 28, 2019, Creditor once again filed its *Motion for Turnover of Property Notice of Application and Application for Turnover Order in Aid of Execution*

1   (the "2019 Turnover Motion") [Doc. #120] which hearing was set for April 4, 2019.

2        On April 15, 2019, the Court issued its order on the Turnover Motion ordering as

3 follows:

4           **Judgment Debtor Benjamin Lamar Mathis ("Debtor") within**

5           **ten (10) days of service of notice of this order (mail service**
          **is acceptable) transfer possession of any and all certificates**

6           **of stock in Mathis Entertainment, Inc., a Texas**
          **corporation, whether in Debtor's possession or under his**

7           **control, to agent named by Movant.** (Emphasis added)

8   (the "Turnover Order")[Doc. #130]  The Turnover Order was served on Debtor via email

9 at mathisentinc@aol.com and U.S. Mail on May 21, 2019.  The Turnover Order was also

10 served on Debtor's counsel on May 21, 2019.

11        On May 21, 2019, Creditor filed and served Debtor with its *Notice of Entry of*

12 *Order re: Application for Turnover in Aid of Execution* ("Notice of Entry of Order"). [Doc.

13 #130]

14        Service of the Turnover Order required Debtor to deliver possession of the stock

15 certificates in Entity to Creditor on or before May 31, 2019.

16        Debtor has failed to comply with the Turnover Order by failing to "transfer

17 possession of any and all certificates of stock in Mathis Entertainment, Inc., a Texas

18 corporation, whether in Debtor's possession or under his control, to agent named by

19 Movant."

20                               **III.**

21   **THE BANKRUPTCY CODE PROVIDES STATUTORY AUTHORITY FOR THE**

22              **RELIEF REQUESTED HEREIN**

23        By and through this Motion, Creditor seeks an order, pursuant to 11 U.S.C. §§ 101

24 et seq. and 28 U.S.C. § 157 for contempt.

25        "Although bankruptcy court is not 'court of United States' within meaning of 28

26 USC §§ 451 and 1927, it is unit of district court, which is 'court of United States,' and thus

27 bankruptcy court comes within scope of § 451; under 28 USCS § 157 and standing order

28 of United States District Court for District of New Jersey, which delegate authority to

1    bankruptcy courts in District of New Jersey to hear cases under Title 11 of U.S. Code as

2    well as any and all proceedings necessary to hear and decide those cases, bankruptcy court

3    has authority to impose sanctions under 28 USCS § 1927.  In re Schaefer Salt Recovery,

4    Inc., 542 F.3d 90, 50 Bankr. Ct. Dec. (LRP) 144, Bankr. L. Rep. (CCH) P81319, 71 Fed.

5    R. Serv. 3d (Callaghan) 873 (3d Cir. 2008)."  Annotation to 28 USC § 157.

6         Civil contempt occurs when a party disobeys a court order "by failure to take all

7    reasonable steps within the party's power to comply." Go-Video, Inc. v. The Motion

8    Picture Assoc. of Am. (In re Dual-Deck Video Cassette Recorder Antitrust Litigation), 10

9    F.3d 693, 695 (9th Cir. 1993).  Contempt of court is defined as a "willful disregard or

10   disobedience of a public authority."  Black's Law Dictionary (6th ed. 1990).  Courts have

11   the inherent power to punish acts of contempt which originates from the necessity of a

12   Court being able to enforce its orders and judgments. See generally, Chambers v. Nacso,

13   Inc. (1991) 501 U.S. 32, 43.

14        The Bankruptcy Code grants bankruptcy courts civil contempt power through

15   §105(a) (11 U.S.C. §105), which provides as follows:

16          The court may issue any order, process, or judgment that is
     necessary or appropriate to carry out the provisions of this title.

17          No provision of this title providing for the raising of an issue
     by a party in interest shall be construed to preclude the court

18          from, sua sponte, taking any action or making any
     determination necessary or appropriate to enforce or implement

19          court orders or rules, or to prevent an abuse of process.

20        A bankruptcy judge has jurisdiction to conduct hearings to show cause why a party

21   should not be held in contempt for failure to obey turnover order. See, United States v.

22   Revie, 834 F.2d 1198, 1199 (5th Cir. 1987).  The party alleging contempt must show by

23   clear and convincing evidence that the contemnor violated a specific and definite order of

24   the court.  Renwick v. Bennett (In re Bennett), 298 F.3d 1059, 1069 (9th Cir. 2002).  The

25   facts are clear here.  Debtor failed to comply with the Court's Turnover Order.

26        Procedurally, a party seeking to compel compliance with a court order requests the

27   court to order the defendant (in this case the Debtor) to show cause why he should not be

28   held in contempt and/or sanctioned until he complies. Then, if the court finds that the

1  conduct as alleged would violate the prior order, it enters an order requiring the defendant

2  to show cause why he should not be held in contempt and conducts a hearing on the

3  matter. <u>Nikko Materials USA, Inc. v. R.E. Serv. Co</u>., 2006 U.S. Dist. LEXIS 45236, at 8-

4  10 (N.D. Cal. 2006) (internal marks and citations omitted).

5       Here, Debtor was specifically ordered to "transfer possession of any and all

6  certificates of stock in Mathis Entertainment, Inc., a Texas corporation, whether in

7  Debtor's possession or under his control, to agent named by Movant." **Debtor failed to**

8  **comply with the Court's Turnover Order** and therefore civil contempt is warranted.

9       Once the court has made a finding of contempt, it has the discretion to impose civil

10  contempt penalties.  <u>In re Dyer</u>, 322 F.3d at 1192 (citation omitted).  Here, Creditor is

11  seeking an order compelling Debtor to "transfer possession of any and all certificates of

12  stock in Mathis Entertainment, Inc., a Texas corporation, whether in Debtor's possession

13  or under his control, to agent named by Movant."

14  **IV.**

15  **<u>DEBTOR HAS FAILED TO COMPLY WITH THE TURNOVER ORDER</u>**

16       The above described malicious acts on the part of Debtor are in direct contempt of

17  this Court's Turnover Order.  The stock certificates are necessary for Creditor to enforce

18  the judgment it obtained (i.e., so that it can instruct the Sheriff to sell said stock certificates

19  at public auction).   As demonstrated in Creditor's 2019 Turnover Motion, Creditor has

20  been unable to enforce its Judgment against Debtor.  Further, Debtor's interest in the

21  Entity is Debtor's sole asset and source of income, making the Entity Creditor's only

22  vehicle for enforcing its Judgment.  Accordingly, it is absolutely necessary for the Creditor

23  to obtain these stock certificates in the Entity.  An Order to Show Cause re Contempt

24  against Debtor should be issued forthwith.

25  **V.**

26  **<u>CONCLUSION</u>**

27       In accordance with the above, it is respectfully requested that this Court issue an

28  order to show cause re: contempt and why the Debtor should not be further ordered to turn

1 | over the stock certificates in the Entity, and for such other relief as the Court deems

2 | appropriate.

3 | DATED: August 30, 2019       WOLF, RIFKIN, SHAPIRO,
                   SCHULMAN & RABKIN, LLP

4

5

6 |       By:       /s/ Elsa M. Horowitz

7 |             ELSA M. HOROWITZ
            DANIEL MEDIONI

8 | Attorneys for Plaintiff/Judgment Creditor,  RANDY
LUND

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3783311.1                        -10-

## DECLARATION OF DANIEL MEDIONI

I, Daniel Medioni, declare as follows:

1.      I am an attorney duly admitted to practice before this Court. I am an associate at the law firm of Wolf, Rifkin, Shapiro, Schulman & Rabkin LLP, attorneys of record for Plaintiff/Judgment Creditor, Randy Lund ("Creditor"). I have personal knowledge of the facts set forth herein, except as to those stated on information and belief and, as to those, I am informed and believe them to be true. If called as a witness, I could and would competently testify to the matters stated herein. This declaration is being submitted in support of Creditor's *Notice of Motion and Motion for Order to Show Cause Why Defendant/Debtor Benjamin Lamar Mathis* ("Debtor") *Should Not Be Held in Contempt for Violation of Turnover Order, and Ordered to Turnover Corporate Certificates of Stock* (the "Motion").

2.      On November 19, 2009, Creditor obtained a judgment, after default, against the Judgment Debtor (the "Judgment") in the aggregate amount of $1,047,489.03 (principal sum of $900,000.00 plus prejudgment interest through October 27, 2009 in the sum of $147,489.03). [See, Doc. # 39]

3.      The Court further ruled that "The sum of $1,020.260.96 is deemed non-dischargeable under 11 U.S.C. Sections 523(a)(2)(a), (a)(2)(B), (a)(4) and (a)(6). Post judgment interest shall accrue at the federal rate. Plaintiff shall file a motion for attorney's fees and costs consistent with the Local Bankruptcy Rules." [See, Doc. # 39]

4.      I am informed and believe and therefore allege that counsel for Creditor realized the typographical error in the Judgment (i.e., the dollar amount), and submitted an amended judgment to correct the same.

5.      On December 3, 2009, Creditor obtained an amended judgment against Judgment Debtor (the "Amended Judgment") in the aggregate amount of $1,0**47,489.03** (principal sum of $900,000.00 plus prejudgment interest through October 27, 2009 in the sum of $147,489.03) plus post judgment interest to accrue at the federal rate. [See, Doc. # 41]

6.      Interest accrues at the rate of 0.3% per day on the Amended Judgment as of December 3, 2009.

7.      On March 10, 2010, this Court issued its Order granting Creditor's Motion For Attorney's Fees and Costs Against Debtor in the aggregate amount of $89,059.33 [See, Doc. #46]

8.      On November 18, 2010, an abstract of judgment was issued. [See, Doc. # 48 and Doc. # 50]

9.      On November 29, 2010, an *Application for Order to Appear for Examination and Production of Documents* (the "2010 ORAP") was issued by the Court.  [See, Doc. # 49]

10.      The 2010 ORAP was issued on December 13, 2010.  [See, Doc. #51]

11.      On August 24, 2016, an *Application for and Renewal of Judgment* was filed with the Court (the "Renewal of Judgment").  [See, Doc. #74]

12.      The order for Renewal of Judgment was entered by the Court on September 8, 2016.  [See, Doc. #76]

13.      I am informed and believe and therefore allege that between 2010 and 2017 there were several Applications for Order to Appear for Examination and Production of Documents filed by Creditor and issued by the Court.

14.      On August 18, 2017, Creditor's counsel filed an *Application for Order to Appear for Examination and Production of Documents* (the "2017 ORAP").  [See, Doc. # 96]

15.      The order on the 2017 ORAP for examination was issued by the Court on September 7, 2017 (the "September 7th Order"), which examination was set for February 22, 2018 at 10:00 a.m. at The Amin Law Group Ltd., located at 2211 Michelson Drive, Suite 1270, Irvine, California 92612.  [See, Doc. # 97]

16.      On October 26, 2017, Mark J. Rosenbaum of my firm, Wolf, Rifkin, Shapiro, Schulman & Rabkin, LLP ("the Firm") substituted into the case as counsel for Creditor.

17.     On October 26, 2017, Mark J. Rosenbaum filed an *Application to Modify Location of Judgment Debtor Examination* ("Application to Modify Location") in order to change the location of the examination to the offices of its new counsel, Wolf, Rifkin, Shapiro, Schulman & Rabkin, LLP, located at 11400 W. Olympic Boulevard, 9th Floor, Los Angeles, California 90064.  [See, Doc. #100]

18.     On October 30, 2017, the Court issued an order pursuant to the Application to Modify Location, modifying the location of the examination.  [See, Doc. # 102]

19.     On February 15, 2018, the Court entered an Order approving the parties' Stipulation to continue the judgment debtor examination as ordered on September 7, 2017, to  March 22, 2018.  As part of the Stipulation and Order thereon, Judgment Debtor agreed to waive personal service of the Order to Appear for Examination and accept service by electronic mail at the following address: mathisentinc@aol.com.  [See, Doc. #107]

20.     On March 27, 2018, I conducted the Judgment Debtor Examination of Judgment Debtor at my office.

21.     At the Judgment Debtor Examination, Judgment Debtor testified that his sole source of income is derived from a podcast that he produces, but which is owned by the Entity (Mathis Entertainment, Inc., a Texas corporation).  Judgment Debtor testified that he owns 100% of the shares in the Entity.  Judgment Debtor also testified that his mother, Margaret Mathis, is the corporate secretary of the Entity and that she maintains the stock certificates for the Entity in her home in Richmond, Texas.

22.     On August 1, 2018, Creditor through my office filed its *Motion for Turnover of Property Notice of Application and Application for Turnover Order in Aid of Execution* (the "2018 Turnover Motion") [See, Doc. #111] which application was subsequently withdrawn on October 29, 2018. [See, Doc. #118 and Doc #119]

23.     On February 28, 2019, Creditor through my office once again filed its *Motion for Turnover of Property Notice of Application and Application for Turnover Order in Aid of Execution* (the "2019 Turnover Motion") [See, Doc. #120] which hearing was set for April 4, 2019.

24.     On April 15, 2019, the Court issued its order on the Turnover Motion ordering as follows:

> Judgment Debtor Benjamin Lamar Mathis ("Debtor") **within ten (10) days of service of notice of this order (mail service is acceptable) transfer possession of any and all certificates of stock in Mathis Entertainment, Inc., a Texas corporation, whether in Debtor's possession or under his control, to agent named by Movant**. (Emphasis added)

(the "Turnover Order")[See, Doc. #130]  The Turnover Order was served on Debtor via email at mathisentinc@aol.com and U.S. Mail on May 21, 2019.

25.     On May 21, 2019, Creditor through my office, filed and served Debtor with its *Notice of Entry of Order re: Application for Turnover in Aid of Execution* ("Notice of Entry of Order"). [See, Doc. #130]

26.     On or about July 10, 2019, I called Debtor's counsel, Leonard Peña ("Mr. Peña"), to ask if Debtor intended to comply with the Turnover Order and deliver possession of the stock certificates in the Entity.  Mr. Peña told me he had not spoken to Debtor since informing Debtor that Creditor had filed the 2019 Turnover Motion.  Mr. Peña told me that he would attempt to contact Debtor and let me know.  Mr. Peña never called me back.

27.     On August 27, 2019, I emailed Mr. Peña asking him whether Debtor intended to comply with the Court's Turnover Order and deliver possession of the stock certificates.

28.     On August 28, 2019, Mr. Peña responded that he has not heard from Debtor in over four (4) months.  A true and correct copy of my email exchange, from August 27, through August 28, 2019, with Debtor's counsel, Mr. Peña, is attached hereto marked Exhibit "A" and is incorporated herein by this reference.

/ / /

/ / /

/ / /

/ / /

29.     Debtor failed to comply with the Court's order and "transfer possession of any and all certificates of stock in Mathis Entertainment, Inc., a Texas corporation, whether in Debtor's possession or under his control, to agent named by Movant."

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed August 30, 2019, at Los Angeles, California.

_____
DANIEL MEDIONI

# EXHIBIT "A"

| | |
|---|---|
| **From:** | Daniel Medioni |
| **Sent:** | Wednesday, August 28, 2019 5:08 PM |
| **To:** | 'Leonard Pena' |
| **Subject:** | RE: Lund v. Mathis |

Understood.

**From:** Leonard Pena [mailto:lpena@penalaw.com]
**Sent:** Wednesday, August 28, 2019 5:06 PM
**To:** Daniel Medioni
**Subject:** Re: Lund v. Mathis

I haven't heard from him in nearly 4 months.

LP

Sent from my iPhone

On Aug 27, 2019, at 5:11 PM, Daniel Medioni <DMedioni@wrslawyers.com> wrote:

Leonard,

Following-up on our conversation from a few weeks ago. Can you tell me whether or not your client, Benjamin Lamar Mathis, intends to turnover possession of his stock certificates in Mathis Entertainment, Inc., a Texas Corporation, to our office pursuant to the Court's order entered on April 15, 2019. A copy of the order is attached. Note that the stock certificates were to have been turned over on or before April 25, 2019; over four (4) months ago, and to date, your client has failed to comply with the attached order.

I look forward to your response.

Best,

Daniel

Daniel Medioni, Esq.
Wolf, Rifkin, Shapiro, Schulman & Rabkin, LLP
11400 W. Olympic Blvd.
9th Floor
Los Angeles, California 90064
PH:  310-478-4100  Ext. 6604
FAX: 310-479-1422
E-Mail:  dmedioni@wrslawyers.com

**PRIVILEGE AND CONFIDENTIALITY STATEMENT**

This message contains information which may be confidential and privileged.  Unless you are the addressee (or authorized to receive e-mails for the addressee), you may not use, copy or disclose to anyone this message or any information contained in this message.  If

you have received this message in error, please advise the sender by reply e-mail to
dmedioni@wrslawyers.com, and delete the message.  Thank you.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

11400 W. Olympic Blvd., 9th Floor, Los Angeles, CA 90064

A true and correct copy of the foregoing document entitled (*specify*): **NOTICE OF MOTION AND MOTION FOR ORDER TO SHOW CAUSE WHY DEFENDANT/DEBTOR SHOULD NOT BE HELD IN CONTEMPT FOR VIOLATION OF THE TURNOVER ORDER ISSUED BY THIS COURT, AND ORDERED TO TURNOVER CORPORATE CERTIFICATES OF STOCK; MEMORANDUM OF POINTS AND AUTHORITY; DECLARATION IN SUPPORT OF SAME** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **August 30, 2019**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Ismail Amin    iamin@aminlawgroup.com, dflandez@aminlawgroup.com
- Elsa M Horowitz    ehorowitz@wrslawyers.com, aparisi@wrslawyers.com
- Ian Landsberg    ian@landsberg-law.com, casey@landsberg-law.com;lisa@landsberg-law.com;diana@landsberg-law.com;yesi@landsberg-law.com;ilandsberg@ecf.inforuptcy.com
- Leonard Pena    lpena@penalaw.com, penasomaecf@gmail.com;penalr72746@notify.bestcase.com
- Mark J Rosenbaum    mrosenbaum@wrslawyers.com, AParisi@wrslawyers.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

☐  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) **August 30, 2019**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**Via U.S. Mail**
Benjamin Lamar Mathis
275 East Green Street #1431
Pasadena, CA 91101

☐  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **August 30, 2019**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**Via Overnight Delivery**
Hon. Vincent P. Zurzolo
United States Bankruptcy Court
Central District of California
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1360
Los Angeles, CA 90012

**Via Email**
Benjamin Lamar Mathis – mathisentinc@aol.com

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| August 30, 2019 | Andrea Parisi | /s/ Andrea Parisi |
|---|---|---|
| Date | Printed Name | Signature |

---

3785015.1  This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                **F 9013-3.1.PROOF.SERVICE**

# EXHIBIT "B"

MARK J. ROSENBAUM (State Bar No. 167168)
  mrosenbaum@wrslawyers.com
ELSA M. HOROWITZ (State Bar No. 195689)
  ehorowitz@wrslawyers.com
DANIEL MEDIONI (State Bar No. 281329)
  dmedioni@wrslawyers.com
WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP
11400 West Olympic Boulevard, 9th Floor
Los Angeles, California 90064-1582
Telephone:    (310) 478-4100
Facsimile:    (310) 479-1422

Attorneys for Plaintiff,
RANDY LUND

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No. 2:07-bk-19182-VZ |
| BENJAMIN LAMAR MATHIS, | Chapter 7 |
| Debtor. | Adv No. 2:08-ap-01014-VZ |
| RANDY LUND, an individual, | **NOTICE OF ENTRY OF ORDER RE: APPLICATION FOR TURNOVER ORDER IN AID OF EXECUTION** |
| Plaintiff, | |
| vs. | |
| BENJAMIN LAMAR MATHIS, an individual, | |
| Defendant. | |

1         TO ALL PARTIES IN INTEREST, PLEASE TAKE NOTICE that on April 15,

2    2019, the Court entered its "Order Re: Application for Turnover Order in Aid of Execution

3    [Doc. #120]" [Doc. #128].  A copy is attached as Exhibit "A."

4    DATED: May 21, 2019                    WOLF, RIFKIN, SHAPIRO,
                                            SCHULMAN & RABKIN, LLP
5

6                                          By: _____

7                                              DANIEL MEDIONI

8                                          Attorneys for Plaintiff,  RANDY LUND

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT "A"

1  MARK J. ROSENBAUM (State Bar No. 167168)
     mrosenbaum@wrslawyers.com
2  ELSA HOROWITZ (State Bar No. 195689)
     ehorowitz@wrslawyers.com
3  DANIEL MEDIONI (State Bar No. 281329)
     dmedioni@wrslawyers.com
4  WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP
   11400 West Olympic Boulevard, 9th Floor
5  Los Angeles, California 90064-1582
   Telephone:    (310) 478-4100
6  Facsimile:    (310) 479-1422

7  Attorneys for Plaintiff,
   RANDY LUND

8

**FILED & ENTERED**

**APR 15 2019**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY carranza  DEPUTY CLERK

**CHANGES MADE BY COURT**

9              UNITED STATES BANKRUPTCY COURT

10              CENTRAL DISTRICT OF CALIFORNIA

11                 LOS ANGELES DIVISION

12  In re                                Case No. 2:07-bk-19182-VZ

13  BENJAMIN LAMAR MATHIS,               Chapter 7

14        Debtor.                        Adv No. 2:08-ap-01014-VZ

15  ───────────────────────────          **ORDER RE: APPLICATION FOR
                                         TURNOVER ORDER IN AID OF**
16  RANDY LUND, an individual,           **EXECUTION [Doc. #120]**

17        Plaintiff,                     Hearing Date
                                         Date:    April 4, 2019
18        vs.                            Time:    11:00 a.m.
                                         Crtrm:   1368
19  BENJAMIN LAMAR MATHIS, an
    individual,

20        Defendant.

21  ───────────────────────────

22

23        The Application for Turnover Order in Aid of Execution [Docket #120] (the

24  "Application") filed in the above-captioned adversary proceeding came on regularly for

25  hearing before the Honorable Vincent P. Zurzolo at 11:00 a.m. on April 4, 2019 in

26  Courtroom 1368 of the above-entitled court.  No appearance was necessary.  The Court

27  having considered the Application:

28        **IT IS HEREBY ORDERED** as follows:

1        1.     Judgment Debtor Benjamin Lamar Mathis ("Debtor") within ten (10) days of

2  service of notice of this order (mail service is acceptable) transfer possession of any and all

3  certificates of stock in Mathis Entertainment, Inc., a Texas corporation, whether in

4  Debtor's possession or under his control, to agent named by Movant.

5                                  # # #

Date: April 15, 2019

Vincent P. Zurzolo
United States Bankruptcy Judge

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

11400 W. Olympic Blvd., 9th Floor, Los Angeles, CA 90064

A true and correct copy of the foregoing document entitled (*specify*): **NOTICE OF ENTRY OF ORDER RE: APPLICATION FOR TURNOVER ORDER IN AID OF EXECUTION** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **May 21, 2019**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Ismail Amin    iamin@aminlawgroup.com, dflandez@aminlawgroup.com
- Elsa M Horowitz    ehorowitz@wrslawyers.com, aparisi@wrslawyers.com
- Ian Landsberg    ian@landsberg-law.com, casey@landsberg-law.com;lisa@landsberg-law.com;diana@landsberg-law.com;yesi@landsberg-law.com;ilandsberg@ecf.inforuptcy.com
- Leonard Pena    lpena@penalaw.com, penasomaecf@gmail.com;penalr72746@notify.bestcase.com
- Mark J Rosenbaum    mrosenbaum@wrslawyers.com, AParisi@wrslawyers.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **May 21, 2019**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**Via U.S. Mail**
Benjamin Lamar Mathis
275 East Green Street #1431
Pasadena, CA 91101

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **May 21, 2019**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**Via Overnight Delivery**
Hon. Vincent P. Zurzolo
United States Bankruptcy Court
Central District of California
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1360
Los Angeles, CA 90012

**Via Email**
Benjamin Lamar Mathis – mathisentinc@aol.com

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| May 21, 2019 | Andrea Parisi | /s/ Andrea Parisi |
|---|---|---|
| Date | Printed Name | Signature |

3502728.1  This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                          **F 9013-3.1.PROOF.SERVICE**

# EXHIBIT "C"

MARK J. ROSENBAUM (State Bar No. 167168)
  mrosenbaum@wrslawyers.com
ELSA HOROWITZ (State Bar No. 195689)
  ehorowitz@wrslawyers.com
DANIEL MEDIONI (State Bar No. 281329)
  dmedioni@wrslawyers.com
WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP
11400 West Olympic Boulevard, 9th Floor
Los Angeles, California 90064-1582
Telephone:    (310) 478-4100
Facsimile:    (310) 479-1422

Attorneys for Plaintiff/Judgment Creditor
RANDY LUND

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No. 2:07-bk-19182-VZ |
| BENJAMIN LAMAR MATHIS, | Chapter 7 |
| Debtor. | Adv No. 2:08-ap-01014-VZ |
| RANDY LUND, an individual, | **NOTICE OF APPLICATION AND APPLICATION FOR TURNOVER ORDER IN AID OF EXECUTION; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION IN SUPPORT THEREOF** |
| Plaintiff, | |
| vs. | |
| BENJAMIN LAMAR MATHIS, an individual, | **Date:    April 4, 2019**<br>**Time:    11:00 a.m.**<br>**Ctrm:    1368** |
| Defendant. | |

**TO THE HONORABLE VINCENT P. ZURZOLO, UNITED STATES BANKRUPTCY JUDGE; JUDGMENT DEBTOR BENJAMIN LAMAR MATHIS AND HIS ATTORNEYS OF RECORD IF ANY, MARGARET MATHIS, AND ALL OTHER INTERESTED PARTIES:**

PLEASE TAKE NOTICE THAT on April 4, 2019 at 11:00 a.m. or as soon as the matter can be heard before the Honorable Vincent P. Zurzolo, United States Bankruptcy Judge presiding in Courtroom 1368 of the United States Bankruptcy Court located at 255

1  E. Temple Street., Los Angeles, California 900142, Plaintiff/Judgment creditor Randy

2  Lund ("Creditor") will, and hereby does, apply (the "Application") for the Court to issue a

3  turnover order of the stock certificates of judgment debtor Benjamin Lamar Mathis

4  ("Mathis" or "Judgment Debtor") in the following entity:  Mathis Entertainment, Inc., a

5  Texas corporation (Mathis is a shareholder, president and a director)(hereinafter referred to

6  as the "Entity").

7          Creditor brings this Application to enforce the judgment it has against Judgment

8  Debtor.

9          On November 19, 2009, Creditor obtained a judgment, after default, against

10 Judgment Debtor (the "Judgment") in the aggregate amount of $1,047,489.03.

11         The Judgment order contained a typographical error.  Accordingly, on December 3,

12 2009, Creditor obtained an amended judgment against Judgment Debtor (the "Amended

13 Judgment") in the aggregate amount of $1,047,489.03 plus post judgment interest to

14 accrue at the federal rate.

15         Interest accrues at the rate of 0.3% per day on the Amended Judgment as of

16 December 3, 2009.

17         Creditor seeks a turnover order of the stock certificates for the Entity.

18         The basis for this Application is that Judgment Debtor has failed to pay any portion

19 of the Amended Judgment entered against him and that the Creditor wishes to obtain a

20 turnover of Judgment Debtor's shares in the Entity in order to commence collections of the

21 Amended Judgment.

22         This Application is brought pursuant to Rules 64 and 69 of the *Federal Rules of*

23 *Civil Procedure* and *Code of Civil Procedure* §§ 699.020, 699.040, 708.205 and 708.110,

24 as made applicable in bankruptcy proceedings by Rules 7064 and 7069 of the *Federal*

25 *Rules of Bankruptcy Procedure*, and Local Bankruptcy Rules 7064-1(b) and 7069-1 of the

26 United States Bankruptcy Court for the Central District of California.

27         This Application is based upon the attached memorandum of points and authorities,

28 the declaration of Daniel Medioni, request for judicial notice, if any, and the proposed

1    order submitted under separate cover, the pleadings, records and other documents currently

2    on file with the Court in this action, and such further evidence and oral arguments as may

3    be presented at the hearing of this application.

4    DATED: February 27, 2019         WOLF, RIFKIN, SHAPIRO,
                                  SCHULMAN & RABKIN, LLP

6                          By: _____

7                            DANIEL MEDIONI

8                        Attorneys for Plaintiff/Judgment Creditor
                      RANDY LUND

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   STATEMENT OF FACTS

Judgment creditor Randy Lund ("Creditor") brings this application to obtain the stock certificates owned by judgment debtor Benjamin Lamar Mathis ("Judgment Debtor") in the following entity:  Mathis Entertainment, Inc., a Texas corporation (the "Entity"). Judgment Debtor is the president, director and shareholder of Entity.

In this case, Judgment Debtor was found liable on the basis of fraud and the claim asserted against him was deemed non-dischargeable pursuant to 11 USC Sections 523(a)(2)(a), (a)(2)(B), (a)(4) and (a)(6) by this Court.  On November 19, 2009, Creditor obtained a judgment, after default, against the Judgment Debtor (the "Judgment") in the aggregate amount of $1,047,489.03 (principal sum of $900,000.00 plus prejudgment interest through October 27, 2009 in the sum of $147,489.03).  [Doc. No. 39]

Thereafter, counsel for Creditor realized a typographical error in the Judgment, and submitted an amended judgment to correct the same.

On December 3, 2009, Creditor obtained an amended judgment against Judgment Debtor (the "Amended Judgment") in the aggregate amount of $1,047,489.03 (principal sum of $900,000.00 plus prejudgment interest through October 27, 2009 in the sum of $147,489.03) plus post judgment interest to accrue at the federal rate. [Doc. No. 41]

Interest accrues at the rate of 0.3% per day on the Amended Judgment as of December 3, 2009.

On November 18, 2010, an abstract of judgment was issued. [Doc. No. 48][Doc. No. 50]

On November 29, 2010, an Application for Order to Appear for Examination and Production of Documents was issued by the Court.  [Doc. No. 49]  The order for examination was issued on December 13, 2010.  [Doc. No. 51]

On August 31, 2016, a Notice of Renewal of Judgment was filed with the Court (the "Renewal of Judgment").  [Doc. No. 75]  The order for Renewal of Judgment was entered by the Court on September 8, 2016.  [Doc. No. 76]

1       Between 2010 and 2017 there were several Applications for Orders to Appear for

2  Examination and Production of Documents filed by Creditor and issued by the Court.

3       On August 18, 2017, Creditor's counsel filed Application for Order to Appear for

4  Examination and Production of Documents.  [Doc. No. 96]  The order for examination was

5  issued by the Court on September 7, 2017 (the "September 7th Order"), which examination

6  was set for February 22, 2018 at 10:00 a.m. at The Amin Law Group Ltd., located at 2211

7  Michelson Drive, Suite 1270, Irvine, California 92612.  [Doc. No. 97]

8       On October 26, 2017, Mark J. Rosenbaum of Wolf, Rifkin, Shapiro, Schulman &

9  Rabkin, LLP substituted into the case as counsel for Creditor.

10       On October 26, 2017, Mark J. Rosenbaum filed an Application to Modify Location

11  of Judgment Debtor Examination in order to change the location of the examination to the

12  offices of its new counsel, Wolf, Rifkin, Shapiro, Schulman & Rabkin, LLP, located at

13  11400 W. Olympic Boulevard, 9th Floor, Los Angeles, California 90064.  [Doc. No. 100]

14       On October 30, 2017, the Court issued an order modifying the location of the

15  examination.  [Doc. No. 102]

16       On February 15, 2018, the Court entered an Order approving the parties' Stipulation

17  to continue the judgment debtor examination as ordered on September 7, 2017, to

18  March 22, 2018.  As part of the Stipulation and Order thereon, Judgment Debtor agreed to

19  waive personal service of the Order to Appear for Examination and accept service by

20  electronic mail at the following address: mathisentinc@aol.com.  [Doc. No. 107]

21       On March 27, 2018, Daniel Medioni of Wolf, Rifkin, Shapiro, Schulman & Rabkin

22  LLP, conducted the Judgment Debtor Examination of Judgment Debtor.

23       At the Judgment Debtor Examination, Judgment Debtor testified that his sole source

24  of income is derived from a podcast that he produces, but which is owned by the Entity

25  (Mathis Entertainment, Inc., a Texas corporation).  Judgment Debtor testified that he owns

26  100% of the shares in the Entity.  Judgment Debtor also testified that his mother, Margaret

27  Mathis, is the corporate secretary of the Entity and that she maintains the stock certificates

28  for the Entity in her home in Richmond, Texas.

## II.    **JUDGMENT BALANCE**

The unsatisfied portion of the Amended Judgment as to Judgment Debtor entered in this action as of June 30, 2018, is $1,072,199.73 calculated as follows: ($1,047,489.03 x 0.3% (rate equal to the weekly average 1-year constant maturity Treasury yield as of 12/9/2009) = $3,142.47 / 365 days/year = $8.61/day x 3,125 days (from 12/9/2009 to 6/30/2018) = $26,904.71 in interest.

## III.    **FEDERAL AUTHORITY**

*Federal Rules of Civil Procedure*, Rule 64 provides as follows:

(a) Remedies Under State Law—In General. At the commencement of and throughout an action, every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment. But a federal statute governs to the extent it applies.

(b) Specific Kinds of Remedies. The remedies available under this rule include the following—however designated and regardless of whether state procedure requires an independent action:

• arrest;

• attachment;

• garnishment;

• replevin;

• sequestration; and

• other corresponding or equivalent remedies.

*Federal Rules of Civil Procedure*, Rule 69 provides in relevant as follows:

(a) In General.

(1) Money Judgment; Applicable Procedure. A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.

(2) Obtaining Discovery. In aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person—

2854065.1

1    including the judgment debtor—as provided in these rules or
     by the procedure of the state where the court is located…
2

3    These rules are applicable herein pursuant to Rules 7064 ("Rule 64 F.R.Civ.P.

4    applies in adversary proceeding") and 7069 ("Rule 69 F.R.Civ.P. applies in adversary

5    proceedings") of the *Federal Rules of Bankruptcy Procedure*, and Local Bankruptcy Rules

6    7064-1(b) and 7069-1 of the United States Bankruptcy Court for the Central District of

7    California.

8    Local Bankruptcy Rules 7064-1(b) provides:

9        (b) Writ or Other Process of Seizure. A writ or other process
         for seizure in a civil action must be directed to, executed, and
10       returned by the United States Marshal, a state or local law
         enforcement officer authorized by state law, or a private person
11       specially appointed by the court for that purpose pursuant to an
         application and order.
12
     Local Bankruptcy Rules 7069-1 provides:
13
         (a) Use of United States Marshal is Discouraged. The court
14       encourages the use of state remedies and officers wherever
         appropriate to enforce judgments or obtain available remedies.
15       The United States Marshals Service is available to enforce
         federal judgments as necessary, which may require an
16       application filed under LBR 9013-1(q) that demonstrates cause
         for using the United States Marshals Service.
17
         (b) Forms.
18
         (1) Unless the court has adopted its own form, the applicable
19       form approved by the Judicial Council of California for use in
         California courts must be used in this court whenever a
20       provisional remedy is sought or a judgment is enforced in
         accordance with state law as provided in FRBP 7064 and 7069.
21
         ( 2) The caption must be revised to specify "United States
22       Bankruptcy Court for the Central District of California," rather
         than the California courts, and the form must be modified, as
23       necessary, to meet the requirements of LBR 9004-1 and LBR
         9009-1.
24

25    Creditor now seeks to have the Court enter a turnover order for Judgment Debtor's

26    stock certificates in the Entity.  The use of a turnover order and private place seizure order

27    is the most efficient and economical manner to enforce the Amended Judgment.

28

## IV.    A TURNOVER ORDER AS TO DEBTOR'S STOCK CERTIFICATES IS PROPER

Creditor seeks a turnover order of Judgment Debtor's stock certificate in the Entity whether they are within their custody or control or located somewhere elsewhere, pursuant to *Code of Civil Procedure* §699.020 and §699.040.

> Once a writ issues, the judgment creditor may apply to the court for a "turnover" order directing the judgment debtor to transfer to the levying officer the property sought to be levied upon. Turnover orders are enforceable by contempt, and may be used to obtain possession of either: Tangible personal property that is sought to be levied upon by taking it into custody; or Documentary evidence of title to property sought to be levied upon (e.g., certificate of ownership of automobile) or of a debt sought to be levied upon (e.g., a promissory note). [CCP Section 699.040; see In re Burns (9th Cir. BAP 2003) 291 BR 846, 854 (citing text).] Turnover orders can play a vitally important role in the execution process. They may be the only effective way of reaching tangible property that the judgment debtor is secreting or keeps at home or in a private place. **They can also be used to reach negotiable instruments, stock certificates and other documents that must be seized to constitute an effective levy. Thus, turnover orders may facilitate reaching assets with a situs outside California or eventual collection of a debt or sale of property such as a motor vehicle.** [See 16 Cal.L.Rev. Comm'n Reports 1062 (1982)]  California Practice Guide: Enforcing Judgments and Debts, Ch. 6D-2. [Emphasis added.]

*Code of Civil Procedure* §699.020 provides as follows:

> At any time after delivery of a writ of execution to a levying officer and before its return, a person indebted to the judgment debtor may pay to the levying officer the amount of the debt or so much thereof as is necessary to satisfy the money judgment. The levying officer shall give a receipt for the amount paid and such receipt is a discharge for the amount paid.

*Code of Civil Procedure* §699.040 provides as follows:

> (a)  If a writ of execution is issued, the judgment creditor may apply to the court **ex parte**, or on noticed motion if the court so directs or a court rule so requires, for an order directing the judgment debtor to transfer to the levying officer either or both of the following:
>
> > 1) Possession of the property sought to be levied upon if the property is sought to be levied upon by taking it into custody.

1    (2) Possession of documentary evidence of title
2    to property of or a debt owed to the judgment
      debtor that is sought to be levied upon. An order
3    pursuant to this paragraph may be served when
      the property or debt is levied upon or thereafter.

4    (b) The court may issue an order pursuant to this section upon
      a showing of need for the order.
5
      (c) The order shall be personally served on the judgment debtor
6    and shall contain a notice to the judgment debtor that failure to
      comply with the order may subject the judgment debtor to
7    arrest and punishment for contempt of court. (Emphasis added)

8    "By way of illustration, ex parte applications must include a memorandum in

9    support, and a declaration alleging facts why the order is needed. (Sufficient 'need' is

10   shown if the property effectively can be reached only by a turnover order. – e.g., where

11   property is known to exist but is hidden or moved about)." *Rutter, Enforcing Judgments*

12   *and Debts*, Section 6:362.

13   All assets of Judgment Debtor, including those assets outside of the State of

14   California are subject to levy. *Code of Civil Procedure* §695.010(a), *In re Estate of*

15   *Marcos Human Rights Litig.* (1995) 910 F.Supp. 1470 and *Peterson v. Islamic Republic of*

16   *Iran* (9th Cir. 2010) 627 F.3d 1117, 1130-1132.

17   Creditor is informed and believes that Judgment Debtor's mother is in possession of

18   the stock certificates for the Entity and that the stock certificates may be in Texas.

19   Judgment Debtor is the President of the Entity who can easily ask the Secretary of the

20   Entity (his mother) to turn over the stock certificates. Creditor is entitled to an order to

21   directing the third party in possession of the Entity's stock certificates to deliver the stock

22   certificates to Creditor. *Code of Civil Procedure* §708.205(a).

23   Section 708.205(a) provides as follows:

24   Except as provided in subdivision (b), at the conclusion of a
      proceeding pursuant to this article, the court may order the
25   judgment debtor's interest in the property **in the possession or
      under the control of** the judgment debtor or **the third person**
26   or a debt owed by the third person to the judgment debtor to be
      applied toward the satisfaction of the money judgment if the
27   property is not exempt from enforcement of a money
      judgment. Such an order creates a lien on the property or debt.
28   (**Emphasis added**)

1    Creditor is a secured creditor by virtue of the debtor examination lien created when

2  Judgment Debtor was served. *Code of Civil Procedure* §708.110(d).

3    Section 708.110(d) provides as follows:

4        The judgment creditor shall personally serve a copy of the
         order on the judgment debtor not less than 10 days before the
5        date set for the examination.  Service shall be made in the
         manner specified in Section 415.10.  Service of the order
6        creates a lien on the personal property of the judgment debtor
         for a period of one year from the date of the order unless
7        extended or sooner terminated by the court.

8    Judgment Debtor's stock certificates are personal property and based upon the

9  foregoing, Creditor has a valid security interest in them.  Additionally, Creditor is a

10  secured creditor by virtue of the judgment lien filed with the California Secretary of State

11  on November 21, 2017. *Code of Civil Procedure* §697.530.

12    After a judgment debtor examination, a debtor such as Mathis may also be ordered

13  to deliver out of state property, such as the stock certificates.

14    Creditor requests that if Judgment Debtor will not deliver the stock certificates

15  voluntarily within ten (10) days of the Court's turnover order, the Court will order the

16  Federal Marshal in California and/or Texas and/or a state or local law enforcement officer

17  authorized by state law, or a private person specially appointed by the Court to make

18  demand to Judgment Debtor for surrender and delivery of the stock certificates in the

19  Entity the possession or under his control.

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

1  **V.     <u>CONCLUSION</u>**

2        For the reasons set forth herein, Creditor requests that the Court enter the turnover

3  order for the transfer of any and all certificates of stock in the Entity owned by Judgment

4  Debtor, whether in his possession or under his control, to the Federal Marshal as levying

5  officer, a state or local law enforcement officer authorized by state law, or a private person

6  specially appointed by the court.

7  DATED: February 27, 2019              WOLF, RIFKIN, SHAPIRO,
                                         SCHULMAN & RABKIN, LLP
8

9                                        By: _____

10                                          DANIEL MEDIONI
                                         Attorneys for Plaintiff/Judgment Creditor
11                                       RANDY LUND

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2854065.1

## DECLARATION OF DANIEL MEDIONI

I, Daniel Medioni, declare as follows:

1.     I am an attorney duly admitted to practice before this Court.  I am an associate in the law firm of Wolf, Rifkin, Shapiro, Schulman & Rabkin LLP, attorneys of record for Attorneys for Plaintiff/Judgment Creditor Randy Lund ("Creditor").  I have personal knowledge of the facts set forth herein, except as to those stated on information and belief and, as to those, I am informed and believe them to be true.  If called as a witness, I could and would competently testify to the matters stated herein.

2.     I am informed and believe and therefore allege that judgment debtor Benjamin Lamar Mathis ("Judgment Debtor") was found liable on the basis of fraud and the claim asserted against him was deemed non-dischargeable pursuant to 11 USC Sections 523(a)(2)(a), (a)(2)(B), (a)(4) and (a)(6) by this Court.

3.     I am informed and believe and therefore allege that on November 19, 2009, Creditor obtained a judgment, after default, against the Judgment Debtor (the "Judgment") in the aggregate amount of $1,047,489.03 (principal sum of $900,000.00 plus prejudgment interest through October 27, 2009 in the sum of $147,489.03).  [Doc. No. 39]  A true and correct copy of the Judgment  is attached hereto as **Exhibit "A"** and is incorporated herein by this reference.

4.     I am informed and believe and therefore allege that thereafter, counsel for Creditor realized a typographical error, and submitted an amended judgment to correct the same.

5.     I am informed and believe and therefore allege that on December 3, 2009, Creditor obtained an amended judgment against Judgment Debtor (the "Amended Judgment") in the aggregate amount of $1,047,489.03 (principal sum of $900,000.00 plus prejudgment interest through October 27, 2009 in the sum of $147,489.03) plus post judgment interest to accrue at the federal rate. [Doc. No. 41]  A true and correct copy of the Amended Judgment is attached hereto as **Exhibit "B"** and is incorporated herein by this reference.

1       6.    I am informed and believe and therefore allege that no portion of the

2  Amended Judgment has been satisfied.

3       7.    Interest accrues at the rate of 0.3% per day on the Amended Judgment as of

4  December 3, 2009.

5       8.    The unsatisfied portion of the Amended Judgment as to Judgment Debtor

6  entered in this action as of June 30, 2018, is $1,074,395.20 calculated as follows:

7  ($1,047,489.03 x 0.3% (rate equal to the weekly average 1-year constant maturity

8  Treasury yield as of 12/9/2009) = $3,142.47 / 365 days/year = $8.61/day x 3,125 days

9  (from 12/9/2009 to 6/30/18).

10       9.    On August 31, 2016, a Notice of Renewal of Judgment was filed with the

11  Court (the "Renewal of Judgment"). [Doc. No. 75] The order for Renewal of Judgment

12  was entered by the Court on September 8, 2016. [Doc. No. 76] A true and correct copy of

13  the Renewal of Judgment is attached hereto as **Exhibit "C"** and is incorporated herein by

14  this reference.

15       10.    I am informed and believe and therefore allege that between 2010 and 2017

16  there were several Application for Order to Appear for Examination and Production of

17  Documents filed and issued by the Court as well as voluntarily withdrawals by counsel for

18  Creditor.

19       11.    On August 18, 2017, Creditor's counsel filed Application for Order to

20  Appear for Examination and Production of Documents. [Doc. No. 96] The order for

21  examination was issued by the Court on September 7, 2017 (the "September 7[th] Order"),

22  which examination is set for February 22, 2018 at 10:00 a.m. at The Amin Law Group

23  Ltd., located at 2211 Michelson Drive, Suite 1270, Irvine, California 92612. [Doc. No. 97]

24  True and correct copies of the Application for Order to Appear for Examination and

25  Production of Documents and the September 7th Order are collectively attached hereto as

26  **Exhibit "D"** and is incorporated herein by this reference.

27       12.    On October 26, 2017, on behalf of Creditor, our law firm filed an application

28  (the "Application to Modify") to modify the September 7th Order to change the location of

1 the Judgment Debtor's examination. [Doc. No. 97] A true and correct copy of the

2 Application to Modify is attached hereto as **Exhibit "E"** and is incorporated herein by this

3 reference.

4      13. On October 30, 2017, this Court issued its order on the Application to

5 Modify. A true and correct copy of the order on Application is attached hereto as **Exhibit**

6 **"F"** and is incorporated herein by this reference.

7      14. On February 15, 2018, Creditor and Judgment Debtor entered into a

8 stipulation to continue the judgment debtor examination as ordered on September, 2017, to

9 March 22, 2018. A term of the Stipulation was that Judgment Debtor would waive

10 personal service of the Order to Appear for Examination and accept service by electronic

11 mail to mathisentinc@aol.com. A true and correct copy of the stipulation to continue the

12 judgment debtor examination is attached hereto as **Exhibit "G"** and is incorporated herein

13 by this reference.

14      15. On February 20, 2018, the Court entered an order approving the stipulation

15 in Exhibit "G." A true and correct copy of the Order approving the stipulation is attached

16 hereto as **Exhibit "H"** and incorporated herein by this reference.

17      16. In conducting public record searches including the websites for the Secretary

18 of State for Texas, Creditor has obtained the following information about Mathis

19 Entertainment, Inc., a Texas corporation ("Entity"):

20         a. Mathis Entertainment, Inc. is a Texas corporation

21           Texas Taxpayer Number 32001433856

22           Mailing Address P.O. Box 1209 Richmond, Texas 77406-0031

23           Right To Transact Business In Texas: Active

24           State Of Formation: Texas

25           Effective SOS Registration Date: 04/01/1999

26           Texas SOS File Number: 0153064000

27           Registered Agent Name: Margaret M Mathis

28           Registered Office Street Address:

502 Bayou Dr Box 1209 Richmond, Texas 77406

Director:  Benjamin Mathis, PO Box 1209 Richmond, Tx 77406

President: Benjamin Mathis, PO Box 1209 Richmond, Tx 77406

Secretary: Margaret Mathis, PO Box 1209 Richmond, Tx 77406

A true and correct of the print out from the Texas Secretary of State's website as to the Entity is attached hereto as **Exhibit "I"** and is incorporated herein by this reference.

        b.      The Articles of Incorporation for the Entity identify Benjamin Mathis as President and director and Margaret Mathis as Secretary.  A true and correct of the print out from the Texas Secretary of State's website of the Articles of Incorporation of the Entity is attached hereto as **Exhibit "J"** and is incorporated herein by this reference.

        c.      The latest filing with the Texas Franchise Board identifies Benjamin Mathis as President and director of the Entity and Margaret Mathis as Secretary of the Entity.  A true and correct of the print out from the Texas Franchise Board's website of the Texas Franchise Tax Public Information Report of the Entity is attached hereto as **Exhibit "K"** and is incorporated herein by this reference.

        d.      On March 27, 2018, I conducted the judgment debtor examination of Judgment Debtor.  At the examination, Judgment Debtor testified to the following;

              i.      Judgment Debtor owns 100% of the Entity;

              ii.      Judgment Debtor's mother, Margaret Mathis, is the Secretary of the Entity;

              iii.      Judgment Debtor believes that his mother has the stock certificates for the Entity either in a safe deposit box or in her home in Richmond, Texas;

              iv.      The Entity is Judgment debtor's sole source of income;

              v.      The Entity owns the content from Judgment Debtor's podcast;

              vi.      The Entity received anywhere from $3,000.00 to $15,000.00 in advertising revenue.

A true and correct copy of relevant portions of the deposition transcript are attached hereto marked **Exhibit "L"** and are incorporated herein by this reference.

17.    Judgment Debtor has not voluntarily (or involuntarily) paid any portion of the Judgment or Amended Judgment and there is no stay in effect.

18.    In this case, Judgment Debtor was found liable on the basis of fraud.

19.    Creditor, through discovery, pleadings and communications has obtained the following potential addresses for Judgment Debtor.

1.    502 Bayou Drive, Richmond, Texas 77406;

2.    275 East Green Street, #1431, Pasadena, California 91101;

3.    3000 West Olive Avenue, Suite 300, Burbank, California 91505

4.    4307 Hickok Lane, Houston, Texas 77047-2933;

5.    3500 West Olive Ave., Ste. 300, Burbank, CA 91505;

6.    10 Universal Plaza, Suite 2000, Universal City, CA 91608

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed February 27, 2019, at Los Angeles, California.

DANIEL MEDIONI

# EXHIBIT "A"

1  Ian S. Landsberg (SBN 137431)
   Anthony H. Lupu (SBN 226168)
2  **LANDSBERG MARGULIES LLP**
   16030 Ventura Boulevard, Suite 470
3  Encino, CA  91436
   Telephone:  (818) 705-2777
4  Facsimile:  (818) 705-3777

5  Attorneys for Plaintiff
   Randy Lund, an individual

6

7

| FILED & ENTERED |
| --- |
| NOV 19 2009 |
| CLERK U.S. BANKRUPTCY COURT |
| Central District of California |
| BY lewis      DEPUTY CLERK |

8              **UNITED STATES BANKRUPTCY COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10                  **LOS ANGELES DIVISION**

11

12  In re                                    )   Case No. LA 07-19182 VZ
                                             )
13  BENJAMIN LAMAR MATHIS,                   )   Chapter 7
                                             )
14        Debtor.                            )   Adv. No. 2:08-ap-01014
    _____         )
15                                           )
    RANDY LUND, an individual;              )   **ORDER RE. JUDGMENT BY DEFAULT**
16                                           )
          Plaintiff,                         )
17                                           )   Date:   October 27, 2009
          v.                                 )   Time:   11:00 a.m.
18                                           )   Ctrm:   1368
    BENJAMIN LAMAR MATHIS, an individual,    )
19                                           )
          Defendant.                         )
20                                           )
                                             )
21  _____         )

22  ////

23  ////

24  ////

25  ////

26  ////

27  ////

28  ////

| | |
|---|---|
| 1 | <div align="center">**ORDER**</div> |
| 2 | Default was entered against Defendant Benjamin Lamar Mathis, an individual |
| 3 | ("Defendant") on July 2, 2009. |
| 4 | Therefore, on Motion for Default Judgment filed by Plaintiff Randy Lund ("Plaintiff") on |
| 5 | September 8, 2009, and granted by the Court on October 27, 2009, judgment is entered against |
| 6 | Defendant and in favor of Plaintiff as follows: |
| 7 | **IT IS ORDERED THAT** Plaintiff have and recover judgment from Defendant in the |
| 8 | principal sum of $900,000.00 plus prejudgment interest through October 27, 2009 in the sum of |
| 9 | $147,489.03 for a total judgment in the sum of $1,047,489.03. |
| 10 | The sum of $1,020,260.96 is deemed nondischargeable under 11 U.S.C. Sections |
| 11 | 523(a)(2)(a), (a)(2)(B), (a)(4) and (a)(6).  Post judgment interest shall accrue at the federal rate. |
| 12 | Plaintiff shall file a motion for attorney's fees and costs consistent with the Local Bankruptcy |
| 13 | Rules. |
| 14 | ##### |
| 15 | |
| 16 | |
| 17 | Respectfully submitted by: |
| 18 | LANDSBERG MARGULIES LLP |
| 19 | /s/ Anthony H. Lupu |
| 20 | By: _____<br>   Anthony H. Lupu<br>   Attorneys for Plaintiff Randy Lund |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | DATED: November 19, 2009 |
| 27 | |
| 28 | |

_Vincent P. Zurzolo_

United States Bankruptcy Judge

2

# PROOF OF SERVICE

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: *16030 Ventura Blvd. Ste. 470 Encino, CA 91436.*

A true and correct copy of the foregoing document described **ORDER RE. JUDGMENT BY DEFAULT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☐    Service information continued on attached page

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On **November 11, 2009** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

*VIA U.S. FIRST CLASS MAIL*

**UNITED STATES BANKRUPTCY COURT**
CENTRAL DISTRICT OF CALIFORNIA
LOS ANGELES DIVISION
255 East Temple Street
Los Angeles, CA  90012
*Attention: Judge Vincent P. Zurzolo*

**DEFENDANT**
Benjamin Lamar Mathis
10 Universal Plaza, Ste. 2000
Universal City, CA  91608

**OFFICE OF THE UNITED STATES TRUSTEE**
725 S. Figueroa Street, 26th Floor
Los Angeles, CA  90017

☐    Service information continued on attached page

**III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| November 11, 2009 | Rebeca B. Benitez | /s/ Rebeca B. Benitez |
|---|---|---|
| Date | Type Name | Signature |

# SERVICE LIST FOR ENTERED ORDER

Notice is given by the court that a judgment or order entitled **ORDER RE. JUDGMENT BY DEFAULT** was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of **November 11, 2009**, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

☐    Service information continued on attached page

- *Ian Landsberg - ilandsberg@lm-lawyers.com*
- *Leonard Pena - lpena@penalaw.com*
- *United States Trustee (LA) - ustpregion16.la.ecf@usdoj.gov*

**II. SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by U.S. Mail to the following person(s) and/or entity(ies) at the address(es) indicated below:

☐    Service information continued on attached page

**III. TO BE SERVED BY THE LODGING PARTY:** Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s) and/or email address(es) indicated below:

☐    Service information continued on attached page

**OFFICE OF THE UNITED STATES TRUSTEE**
725 S. Figueroa Street, 26th Floor
Los Angeles, CA   90017

**DEFENDANT**
Benjamin Lamar Mathis
10 Universal Plaza, Ste. 2000
Universal City, CA   91608

4

# EXHIBIT "B"

1 | Ian S. Landsberg (SBN 137431)
   | Anthony H. Lupu (SBN 226168)
2 | **LANDSBERG MARGULIES LLP**
   | 16030 Ventura Boulevard, Suite 470
3 | Encino, CA 91436
   | Telephone: (818) 705-2777
4 | Facsimile: (818) 705-3777

5 | Attorneys for Plaintiff
   | Randy Lund, an individual

6

7

8          **UNITED STATES BANKRUPTCY COURT**

9          **CENTRAL DISTRICT OF CALIFORNIA**

10          **LOS ANGELES DIVISION**

11

12 | In re               )   Case No. LA 07–19182 VZ

13 | BENJAMIN LAMAR MATHIS,   )   Chapter 7

14 |        Debtor.         )   Adv. No. 2:08-ap-01014

15 | _____ ) 
   | RANDY LUND, an individual;    )   ***AMENDED* JUDGMENT BY DEFAULT**

16 |        Plaintiff,       )   Date: October 27, 2009

17 |                )   Time: 11:00 a.m.
   |     v.             )   Ctrm: 1368

18 | BENJAMIN LAMAR MATHIS, an individual, )

19 |        Defendant.      )

20 |                )

21 | _____ )

22 | ////

23 | ////

24 | ////

25 | ////

26 | ////

27 | ////

28 | ////

**FILED & ENTERED**

**DEC 03 2009**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY lewis    DEPUTY CLERK

1       Default was entered against Defendant Benjamin Lamar Mathis, an individual

2  ("Defendant") on July 2, 2009.

3       Therefore, on Motion for Default Judgment filed by Plaintiff Randy Lund ("Plaintiff") on

4  September 8, 2009, and granted by the Court on October 27, 2009, judgment is entered against

5  Defendant and in favor of Plaintiff as follows:

6       **IT IS ORDERED THAT** Plaintiff have and recover judgment from Defendant in the

7  principal sum of $900,000.00 plus prejudgment interest through October 27, 2009 in the sum of

8  $147,489.03 for a total judgment in the sum of $1,047,489.03.

9       The sum of $1,047,489.03 is deemed nondischargeable under 11 U.S.C. Sections

10  523(a)(2)(a), (a)(2)(B), (a)(4) and (a)(6). Post judgment interest shall accrue at the federal rate.

11  Plaintiff shall file a motion for attorney's fees and costs consistent with the Local Bankruptcy

12  Rules.

13       ####

14

15  Respectfully submitted by:

16  LANDSBERG MARGULIES LLP

17       */s/ Anthony H. Lupu*

18  By: _____

     Anthony H. Lupu

19       Attorneys for Plaintiff Randy Lund

20

21

22

23

24

25

26  DATED: December 3, 2009

                           _____

27                               United States Bankruptcy Judge

28

# PROOF OF SERVICE

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: *16030 Ventura Blvd. Ste. 470 Encino, CA 91436.*

A true and correct copy of the foregoing document described **JUDGMENT BY DEFAULT (AMENDED)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☐   Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On **November 20, 2009** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

*VIA U.S. FIRST CLASS MAIL*

**UNITED STATES BANKRUPTCY COURT**
CENTRAL DISTRICT OF CALIFORNIA
LOS ANGELES DIVISION
255 East Temple Street
Los Angeles, CA 90012
*Attention: Judge Vincent P. Zurzolo*

**OFFICE OF THE UNITED STATES TRUSTEE**
725 S. Figueroa Street, 26th Floor
Los Angeles, CA 90017

**DEFENDANT**
Benjamin Lamar Mathis
10 Universal Plaza, Ste. 2000
Universal City, CA 91608

☐   Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| November 20, 2009 | Rebeca B. Benitez | /s/ Rebeca B. Benitez |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

3

# SERVICE LIST FOR ENTERED ORDER

Notice is given by the court that a judgment or order entitled **JUDGMENT BY DEFAULT (AMENDED)** was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I.  SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of **November 20, 2009**, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

☐   Service information continued on attached page

- *Ian Landsberg - ilandsberg@lm-lawyers.com*
- *Leonard Pena - lpena@penalaw.com*
- *United States Trustee (LA) - ustpregion16.la.ecf@usdoj.gov*

**II.  SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by U.S. Mail to the following person(s) and/or entity(ies) at the address(es) indicated below:

☐   Service information continued on attached page

**III.  TO BE SERVED BY THE LODGING PARTY:** Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s) and/or email address(es) indicated below:

☐   Service information continued on attached page

<u>OFFICE OF THE UNITED STATES TRUSTEE</u>
725 S. Figueroa Street, 26th Floor
Los Angeles, CA   90017

**DEFENDANT**
Benjamin Lamar Mathis
10 Universal Plaza, Ste. 2000
Universal City, CA   91608

4

# EXHIBIT "C"

1

**THE AMIN LAW GROUP, LTD.**

2  Ismail Amin, Esq. (SBN 231232)
   Katherine J. Vescera, Esq. (SBN 287171)

3  2211 Michelson Drive, Suite 1270
   Irvine, CA 92612

4  Telephone: 949. 502.7715

5  Facsimile: 949.266.8406

6

7  Attorneys for Plaintiff RANDY LUND

8

9              **UNITED STATES BANKRUPTCY COURT**

10  **CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

11

12  In re                                    )    **Case No. LA 2:07-19182 VZ**
                                             )
13                                           )
    BENJAMIN LAMAR MATHIS,                   )    **Chapter 7**
14                                           )
                                             )
15              Debtor.                      )
                                             )
16                                           )
                                             )
17  RANDY LUND, an individual;              )    **Adv. No. 2:08-ap-01014**
                                             )
18              Plaintiff,                   )
                                             )    **ORDER GRANTING**
19                                           )    **PLAINTIFF'S APPLICATION**
                                             )    **FOR RENEWAL OF**
20         v.                                )    **JUDGMENT**
                                             )
21  BENJAMIN LAMAR MATHIS, an               )
    individual,                             )
22                                           )
                                             )
23              Defendant.                   )
                                             )
24

25

26

27

28

FILED & ENTERED

SEP 08 2016

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY walter    DEPUTY CLERK

The Amin Law Group, Ltd.
2211 Michelson Drive, Suite 1270
Irvine, CA 92612
Phone: (949) 502.7715 / Fax: (949) 266-8406

1

Case 2:08-ap-01014-VZ    Doc 76    Filed 09/08/16    Entered 09/08/16 15:04:45    Desc
Main Document    Page 2 of 2

1    On August 24, 2016, Randy Lund, the plaintiff in this adversary proceeding,

2    filed an Application for Renewal of Judgment ("Application") as docket entry #73.

3    Having reviewed the application, and finding good cause,

4

5    IT IS ORDERED that the Application is GRANTED.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25    Date: September 8, 2016

26    Vincent P. Zurzolo
     United States Bankruptcy Judge

27

28

The Amin Law Group, Ltd.
2211 Michelson Drive, Suite 1270
Irvine, CA 92612
Phone: (949) 502-7715 / Fax: (949) 266-8406

2

# EXHIBIT "D"

1
**THE AMIN LAW GROUP, LTD.**
Ismail Amin, Esq. (SBN 231232)

2
Katherine J. Vescera, Esq. (SBN 287171)

3
2211 Michelson Drive, Suite 1270
Irvine, CA 92612

4
Telephone: 949. 502.7715

5
Facsimile: 949.266.8406

6

7
Attorneys for Plaintiff RANDY LUND

8
### UNITED STATES BANKRUPTCY COURT

9
### CENTRAL DISTRICT OF CALIFORNIA

10
### LOS ANGELES DIVISION

11

12

| | |
|---|---|
| In re | ) **Case No. LA 2:07-19182 VZ** |
| | ) |
| BENJAMIN LAMAR MATHIS, | ) **Chapter 7** |
| | ) |
| Debtor. | ) **Adv. No. 2:08-ap-01014 VZ** |
| | ) |
| RANDY LUND, an individual; | ) **APPLICATION FOR AN** |
| | ) **ORDER TO APPEAR FOR** |
| Plaintiff, | ) **EXAMINATION AND** |
| | ) **PRODUCTION OF** |
| v. | ) **DOCUMENTS** |
| | ) |
| BENJAMIN LAMAR MATHIS, an | ) **[NO HEARING REQUIRED]** |
| individual, | ) |
| | ) |
| Defendant. | ) |
| | ) |

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*The Amin Law Group, Ltd.*
*2211 Michelson Drive, Suite 1270*
*Irvine, CA 92612*
*Phone: (949) 502-7715 / Fax: (949) 266-8406*

1

**APPLICATION FOR AN ORDER TO APPEAR FOR EXAMINATION AND**

**PRODUCTION OF DOCUMENTS**

The Amin Law Group, Ltd.
2211 Michelson Drive, Suite 1270
Irvine, CA 92612
Phone: (949) 502-7715 / Fax: (949) 266-8406

**TO THE HONORABLE VINCENT P. ZURZOLO, UNITED STATES BANKRUPTCY JUDGE; DEFENDANT; ALL ATTORNEYS OF RECORDS; AND ALL OTHER INTERESTED PARTIES:**

**PLEASE TAKE NOTICE** that Plaintiff/Judgment Creditor RANDY LUND ("Judgment Creditor") submits this Application and Order for Appearance for Examination and Production of Documents requesting that the Court enter an order requiring that Defendant/Judgment Debtor BENJAMIN LAMAR MATHIS ("Judgment Debtor") appear for judgment debtor examination and produce documents on February 22, 2018 at 10:00 a.m. (PST). The production and examination shall take place at The Amin Law Group, Ltd., located at 2211 Michelson Drive, Suite 1270, Irvine, California 92612, before a court reporter or other authorized and qualified person, and will continue from day to day until completed. The examination shall be recorded by stenographic means and/or the instant visual display of testimony, otherwise known as "real-time" recording, before an individual duly authorized to administer oaths. The Examination may also be videotaped.

**PLEASE TAKE FURTHER NOTICE** that Judgment Creditor hereby requests that the Court enter an order requiring that the Judgment Debtor bring and

//

//

//

2

**APPLICATION FOR AN ORDER TO APPEAR FOR EXAMINATION AND PRODUCTION OF DOCUMENTS**

1    produce at the Examination, at the time and place specified in this application, all

2    documents and materials set forth in attached Exhibit "A."

3

4
     Dated:  August 18, 2017                    **THE AMIN LAW GROUP, LTD.**
5

6
                                               By: */s/ Ismail Amin, Esq.*
7                                                  Ismail Amin, Esq.
                                                   Attorney for Plaintiff RANDY LUND
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3

**APPLICATION FOR AN ORDER TO APPEAR FOR EXAMINATION AND
PRODUCTION OF DOCUMENTS**

## A. DEFINITIONS

1. **"YOU"** and **"YOUR"** shall mean and refer to Defendant/Judgment Debtor BENJAMIN LAMAR MATHIS.

2. **"DOCUMENTS"** shall mean and refer to any designated documents or electronically stored information – including documents, records, books, papers, contracts, memoranda, invoices, correspondence, notes, photographs, drawings, charts, graphs, recording tapes, recording discs, mechanical or electronic information storage or recording elements (including any information stored on a computer), and any other "documents" as defined in the *Rules of Evidence* (handwriting, typewriting, printing, photostatting, photographing and every other means of recording upon any tangible thing and form of communicating or representation, including letters, words, pictures, sounds or symbols, or combinations of them), stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form. If a document has been prepared in several copies, or additional copies have been made that are not identical (or are no longer identical by reason of subsequent notation or other modification of any kind whatever), each non-identical copy is a separate document.

3. **"PERSONS"** includes a natural person, firm, association, organization, partnership, business, trust, corporation, or public entity.

4. **"COMMUNICATIONS"** shall mean any transmission of any sort

The Amin Law Group, Ltd.
2211 Michelson Drive, Suite 1270
Irvine, CA 92612
Phone: (949) 502-7715 / Fax: (949) 266-8406

4

**APPLICATION FOR AN ORDER TO APPEAR FOR EXAMINATION AND
PRODUCTION OF DOCUMENTS**

whatsoever, by one or more PERSONS, to one or more PERSONS, by any means whatsoever, including, but not limited to, telephone conversations, letters, telegrams, e-mail transmissions, teletypes, telecopies, written memoranda, radio, cable, television, and face to face conversations.

5. "Relating", "concerning" and "referring" include eluding to, responding to, connected with, commenting on, in respect of, about, regarding, discussing, showing, describing, reflecting, analyzing, depicting, constituting, or in any way logically or factually connected with the matter requested.

6. "Or" and "and" shall be read in the conjunctive and disjunctive, and shall not be interpreted to limit the document requested.

## B. GENERAL INSTRUCTIONS

1. This exhibit is intended to cover all DOCUMENTS in YOUR possession, or subject to your custody or control, or available to you, and includes DOCUMENTS in the possession, custody or control of any of YOUR representatives, attorneys, accountants or other agents, and DOCUMENTS which may be in storage.

2. This exhibit applies to the original of each DOCUMENT demanded (or copy if the original is unavailable) and any non-identical copy (for example, any copy with a handwritten notation).

The Amin Law Group, Ltd.
2211 Michelson Drive, Suite 1270
Irvine, CA 92612
Phone: (949) 502-7715 / Fax: (949) 265-8406

5

**APPLICATION FOR AN ORDER TO APPEAR FOR EXAMINATION AND PRODUCTION OF DOCUMENTS**

3.    If any demanded DOCUMENT cannot be produced in full, YOU are instructed to produce the demanded DOCUMENT to the extent possible.

## C. DOCUMENTS

1.    Any and all DOCUMENTS that reflect any and all safety deposit boxes YOU maintain.

2.    Any and all passbooks, account deposit registers or account statements that YOU maintain and any and all DOCUMENTS relating to the name and address of banks, credit unions, savings institutions, or other institutions where YOU had or have deposits, savings, checking and other accounts during the last five (5) years and amounts of balances.

3.    Any and all pink slips or ownership certificates and DOCUMENTS relating to any pink slip, ownership certificate, model number, year, balance due and owing and name of the legal owner on any boat, automobile or other motor vehicles YOU own.

4.    Any and all deeds and any and all DOCUMENTS relating to any real property in which YOU maintain any interest, whether ownership or otherwise.

5.    Any and all DOCUMENTS relating to any stocks, bonds or other securities owned by YOU.

<div style="text-align:center">

The Amin Law Group, Ltd.
2211 Michelson Drive, Suite 1270
Irvine, CA 92612
Phone: (949) 502-7715 / Fax: (949) 265-8406

6

</div>

**APPLICATION FOR AN ORDER TO APPEAR FOR EXAMINATION AND PRODUCTION OF DOCUMENTS**

6. Any and all mortgages or trust deeds and any and all DOCUMENTS relating to any mortgages or trust deeds on real property in which YOU have or had an interest during the last five (5) years.

7. Any and all security agreements or liens on personal property and any and all DOCUMENTS relating to any records of any interest in any security agreements or liens on personal property held by YOU during the last five (5) years.

8. Any and all promissory notes, drafts, bills of exchange, commercial papers or other instruments and any and all documents relating to any promissory notes, drafts, bills of exchange, commercial papers or any other instruments in which YOU have or had any interest during the last five (5) years.

9. Any and all DOCUMENTS relating to any records of any interest in any personal property in which YOU have or had any interest during the last five (5) years.

10. Any and all DOCUMENTS relating to any records of any patents, inventions, trademarks, trade names or copyrights in which YOU have or had any interest during the last five (5) years.

11. Any and all DOCUMENTS relating to any joint ventures, partnerships or other business enterprises in which YOU have or had any interest during the last five (5) years.

The Amin Law Group, Ltd.
2211 Michelson Drive, Suite 1270
Irvine, CA 92612
Phone: (949) 502-7715 / Fax: (949) 266-8406

7

**APPLICATION FOR AN ORDER TO APPEAR FOR EXAMINATION AND PRODUCTION OF DOCUMENTS**

12.    Any and all DOCUMENTS relating to any records of any warehouses, receipts, bills of lading or other documents of title in which YOU have or had any interest during the last five (5) years.

13.    Any and all DOCUMENTS relating to any records of any power of attorney over any stocks, bonds or other securities in which YOU have or had an interest during the last five (5) years.

14.    Any and all DOCUMENTS relating to any interest YOU have or had in any pending lawsuit or any administrative claim during the last five (5) years.

15.    All financial statements issued by YOU in the past five (5) years.

16.    All of YOUR stock registers.

17.    All state and federal income tax returns filed by YOU in the past five (5) years.

18.    All DOCUMENTS regarding YOUR current accounts receivable.

19.    All DOCUMENTS relating to the transfer of any of YOUR assets within the last five (5) years.

20.    All DOCUMENTS relating to the dissolution of any of YOUR business, including, but not limited to, payments to shareholders, owners, members, etc., during the last five (5) years.

21.    Copies of all YOUR e-mails for the past thirty (30) days.

The Amin Law Group, Ltd.
2211 Michelson Drive, Suite 1270
Irvine, CA 92612
Phone: (949) 502-7715 / Fax: (949) 266-8406

---

8

**APPLICATION FOR AN ORDER TO APPEAR FOR EXAMINATION AND PRODUCTION OF DOCUMENTS**

22. Any and all DOCUMENTS reflecting monies YOU received from YOUR mother, father, brother or any other family member or business entities owed by a family member within the last five (5) years.

23. Copies of any and all trusts, loans, or agreements of any kind with family members or business entities owed by a family member regarding money within the last five (5) years.

24. Copies of all YOUR telephone bills, including business, home and cellular for the past six (6) months.

25. Copies of all of YOUR monthly banking statements for the past six (6) months, including without limitation, statements from banks, financial institutions, and brokerage accounts.

26. A copy of your current driver's license.

27. Copies of any and all insurance policies covering YOUR personal and real property, including any riders or attachments thereto.

28. Copies of YOUR W-2 statements, 1099 statements and any other DOCUMENT evidencing YOUR income for 2010 through 2018.

The Amin Law Group, Ltd.
2211 Michelson Drive, Suite 1270
Irvine, CA 92612
Phone: (949) 502-7715 / Fax: (949) 266-8406

9

**APPLICATION FOR AN ORDER TO APPEAR FOR EXAMINATION AND PRODUCTION OF DOCUMENTS**

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF ORANGE:**

I am employed in the aforesaid county, State of California; I am over the age of 18 years and not a party to the within action; my business address is **2211 Michelson Drive, Suite 1270, Irvine, CA 92612.**

A true and correct copy of the foregoing document described as: **APPLICATION FOR AN ORDER TO APPEAR FOR EXAMINATION AND PRODUCTION OF DOCUMENTS** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner indicated below:

__X__  **(BY MAIL)**
On August 18, 2017, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

*Debtor*
Benjamin Lamar Mathis
Mathis Entertainment
10 Universal Plaza, Suite 2000
Universal City, CA 91608

__X__  **(BY NOTICE OF ELECTRONIC FILING ("NEF"))**
Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the Court via NEF and hyperlink to the document. On August 18, 2017, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated belo:

Ismail Amin
iamin@aminlawgroup.com
kvescera@aminlawgroup.com
dflandez@aminlawgroup.com
jsoliz@aminlawgroup.com

United States Trustee (LA)
Ustpregion16.la.ecf@usdoj.gov

_____  **(BY PERSONAL DELIVERY)**
Pursuant to F.R.C.P. 5 and/or controlling LBR, on August 18, 2017, I served the following person(s) and/or entity(ies) by personal delivery. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

United States Bankruptcy Court – Central District of California
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1360
Los Angeles, CA 90012
The Honorable Vincent P. Zurzolo's Chambers

__X__  **(STATEMENT)**
I declare under penalty of perjury that the foregoing is true and correct, and that I am employed at the office of a member of the bar of this Court at whose direction the service was made.

Executed on August 18, 2017, at Irvine, California.

/s/ *Jennifer Soliz*
Jennifer Soliz

The Amin Law Group, Ltd.
2211 Michelson Drive, Suite 1270
Irvine, CA 92612
Phone: (949) 502-7715 / Fax: (949) 266-8406

1

**PROOF OF SERVICE**

**THE AMIN LAW GROUP, LTD.**
Ismail Amin, Esq. (SBN 231232)
Katherine J. Vescera, Esq. (SBN 287171)
2211 Michelson Drive, Suite 1270
Irvine, CA 92612
Telephone: 949. 502.7715
Facsimile: 949.266.8406

Attorneys for Plaintiff RANDY LUND

```
FILED & ENTERED

SEP 07 2017

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY tatum      DEPUTY CLERK
```

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA -- LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No. LA 2:07-19182 VZ |
| BENJAMIN LAMAR MATHIS, | Chapter 7 |
| Debtor. | Adv. No. 2:08-ap-01014 VZ |
| RANDY LUND, an individual; | **ORDER GRANTING APPLICATION FOR BENJAMIN LAMAR MATHIS TO APPEAR FOR EXAMINATION AND PRODUCTION OF DOCUMENTS** |
| Plaintiff, | |
| v. | |
| BENJAMIN LAMAR MATHIS, an individual, | Date:      February 22, 2018 |
| Defendant. | Time:      10:00 a.m. (PST) |
| | Location: The Amin Law Group, Ltd. |
| | 2211 Michelson Drive, |
| | Suite 1270 |
| | Irvine, CA 92612 |

(Left margin vertical text) The Amin Law Group, Ltd. / 2211 Michelson Drive, Suite 1270 / Irvine, CA 92612 / Phone: (949) 502-7715 / Fax: (949) 266-8406

1

1       Upon the Court's review of Plaintiff/Judgment Creditor RANDY LUND's

2   Application for Order to Appear for Examination and Production of Documents, and

3

4   good cause appearing therefore, **IT IS ORDERED:**

5      (1) The Application is **GRANTED**; and

6      (2) On February 22, 2018 at 10:00 a.m. at The Amin Law Group, Ltd., located at

7

8          2211 Michelson Drive, Suite 1270, Irvine, California 92612:

9          a.  Defendant/Judgment Debtor BENJAMIN LAMAR MATHIS must

10

11            appear; and

12         b.  Defendant/Judgment Debtor BENJAMIN LAMAR MATHIS must

13

14            produce the documents identified in Exhibit "A" in the Application.

15                    ###

16

17

18

19

20

21

22

23

24

25  Date: September 7, 2017

26                            Vincent P. Zurzolo
                          United States Bankruptcy Judge

27

28

The Amin Law Group, Ltd.
2211 Michelson Drive, Suite 1270
Irvine, CA 92612
Phone: (949) 502-7716 / Fax: (949) 266-8406

# EXHIBIT "E"

Case 2:08-ap-01014-VZ    Doc 100    Filed 10/26/17    Entered 10/26/17 15:38:52    Desc
Main Document    Page 1 of 3



1 | MARK J. ROSENBAUM (State Bar No. 167168)
   mrosenbaum@wrslawyers.com
2 | WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP
   11400 West Olympic Boulevard, 9th Floor
3 | Los Angeles, California 90064-1582
   Telephone:   (310) 478-4100
4 | Facsimile:   (310) 479-1422

5 | Attorneys for Plaintiff/Judgment Creditor
   RANDY LUND

6

7

8 |                **UNITED STATES BANKRUPTCY COURT**

9 |                **CENTRAL DISTRICT OF CALIFORNIA**

10 |                    **LOS ANGELES DIVISION**

11 | In re                                    Case No. 2:07-bk-19182-VZ

12 | BENJAMIN LAMAR MATHIS,                   Chapter 7

13 |          Debtor.                         Adv. No. 2:08-ap-01014-VZ

14 | ─────────────────────────               **APPLICATION TO MODIFY**
                                            **LOCATION OF JUDGMENT**
15 | RANDY LUND, an individual,              **DEBTOR EXAMINATION AS**
                                            **ORDERED ON SEPTEMBER 7, 2017**
16 |          Plaintiff,                     **[Doc. No. 97]**

17 |    vs.                                  **[No Hearing required]**

18 | BENJAMIN LAMAR MATHIS, an
    individual,

19 |          Defendant.

20

21 | ─────────────────────────

22 |       **TO THE HONORABLE VINCENT P. ZURZOLO, UNITED STATES**

23 | **BANKRUPTCY JUDGE; JUDGMENT DEBTOR BENJAMIN LAMAR MATHIS**

24 | **AND HIS ATTORNEYS OF RECORD IF ANY, AND ALL OTHER INTERESTED**

25 | **PARTIES:**

26 |       PLEASE TAKE NOTICE THAT Plaintiff/Judgment creditor Randy Lund

27 | ("Creditor") submits this application for modification of the September 7th order [Doc. No.

28 | 97] issued by this Court (the "September 7th Order") ordering  judgment debtor Benjamin

2854192.1                          -1-
        **APPLICATION TO MODIFY LOCATION OF JUDGMENT DEBTOR EXAMINATION**

1   Lamar Mathis ("Mathis" or "Judgment Debtor") to appear for his deposition and produce

2   certain documents on February 22, 2018 at 10:00 a.m. at The Amin Law Group Ltd.,

3   located at 2211 Michelson Drive, Suite 1270, Irvine, California 92612, as identified in the

4   Application for Order to Appear for Examination and Production of Documents (the

5   "ORAP").  [Doc. No. 96]

6          Creditor's new counsel, Mark Rosenbaum of Wolf, Rifkin, Shapiro, Schulman &

7   Rabkin, LLP, substituted into this case on October 26, 2017.  As of the date of this

8   application, neither the ORAP nor the September 7th Order have been served on the

9   Judgment Debtor.  Creditor's new counsel would like to take the Judgment Debtor's

10  examination at that same date and time previously ordered by this Court (February 22,

11  2018 at 10:00 a.m.) at his office, rather than at predecessor counsel's office, located as

12  follows:

13          WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP
            11400 West Olympic Boulevard, 9th Floor
14          Los Angeles, California 90064-1582

15  Creditor makes no other requests for modification of the September 7th Order.

16  Respectfully Submitted.

17  DATED: 10/26/2017                    WOLF, RIFKIN, SHAPIRO,
                                         SCHULMAN & RABKIN, LLP
18

19
                                         By:      /s/ Mark J. Rosenbaum
20                                              MARK J. ROSENBAUM
                                         Attorneys for Plaintiff/Judgment Creditor
21                                       RANDY LUND

22

23

24

25

26

27

28

2854192.1                               -2-
APPLICATION TO MODIFY LOCATION OF JUDGMENT DEBTOR EXAMINATION

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

11400 W. Olympic Blvd., 9th Floor, Los Angeles, CA 90064

A true and correct copy of the foregoing document entitled (*specify*): **APPLICATION TO MODIFY LOCATION OF JUDGMENT DEBTOR EXAMINATION AS ORDERED ON SEPTEMBER 7, 2017 [Doc. No. 97]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **October 26, 2017**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Ismail Amin    iamin@aminlawgroup.com, dflandez@aminlawgroup.com
- Ian Landsberg    ian@landsberg-law.com, casey@landsberg-law.com;lisa@landsberg-law.com;diana@landsberg-law.com;yesi@landsberg-law.com;ilandsberg@ecf.inforuptcy.com
- Leonard Pena    lpena@penalaw.com, penasomaecf@gmail.com
- Mark J Rosenbaum    mrosenbaum@wrslawyers.com, AParisi@wrslawyers.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **October 26, 2017**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**Via U.S. Mail**
Benjamin Lamar Mathis
Mathis Entertainment
10 Universal Plaza, Ste 2000
Universal City, CA 91608

**Via U.S. Mail**
Benjamin Lamar Mathis
4307 Hickok Lane
Houston, TX 77047-2933

**Via U.S. Mail**
Benjamin Lamar Mathis
502 Bayou Drive
Richmond, TX 77469

**Via U.S. Mail**
Benjamin Lamar Mathis
3500 West Olive Avenue, Ste 300
Burbank, CA 91505

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **October 26, 2017**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**Via Overnight Mail**
Honorable Vincent P. Zurzolo
United States Bankruptcy Court
Central District of California
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1360 / Courtroom 1368
Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| October 26, 2017 | Andrea Parisi | /s/ Andrea Parisi |
|---|---|---|
| Date | Printed Name | Signature |

2864914.1  This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                **F 9013-3.1.PROOF.SERVICE**

# EXHIBIT "F"

1 | MARK J. ROSENBAUM (State Bar No. 167168)
    mrosenbaum@wrslawyers.com
2 | WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP
    11400 West Olympic Boulevard, 9th Floor
3 | Los Angeles, California 90064-1582
    Telephone:   (310) 478-4100
4 | Facsimile:   (310) 479-1422

5 | Attorneys for Plaintiff/Judgment Creditor
    RANDY LUND

6 |

7 |

FILED & ENTERED

OCT 30 2017

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY carranza  DEPUTY CLERK

8 |                **UNITED STATES BANKRUPTCY COURT**

9 |       **CENTRAL DISTRICT OF CALIFORNIA -- LOS ANGELES DIVISION**

10 | In re                                    Case No. 2:07-bk-19182-VZ

11 | BENJAMIN LAMAR MATHIS,                    Chapter 7

12 |            Debtor.

13 | _____              Adv No. 2:08-ap-01014-VZ

14 | RANDY LUND, an individual,               **ORDER GRANTING APPLICATION
                                              TO CHANGE THE LOCATION OF A**
15 |            Plaintiff,                     **JUDGMENT DEBTOR
                                              EXAMINATION AS ORDERED ON**
     vs.                                      **SEPTEMBER 7, 2017 [Doc. No. 97]**
16 |
     BENJAMIN LAMAR MATHIS, an
17 | individual,                              **[No Hearing required]**

18 |            Defendant.

19 |

20 |

21 |        Upon the Court's review of Plaintiff/Judgment creditor Randy Lund ("Creditor")'s

22 | application for modification(the "Application") of the September 7th order [Doc. No. 97]

23 | issued by this Court (the "September 7th Order") ordering judgment debtor Benjamin

24 | Lamar Mathis to appear for his deposition and produce certain documents on February 22,

25 | 2018 at 10:00 a.m. at The Amin Law Group Ltd., located at 2211 Michelson Drive, Suite

26 | 1270, Irvine, California 92612, as identified in the Application for Order to Appear for

27 | Examination and Production of Documents (the "ORAP") [Doc. No. 96], and good cause

28 | appearing, therefore,

2854241.1                                -1-
        **ORDER RE: APPLICATION TO MODIFY LOCATION OF JUDGMENT DEBTOR EXAMINATION**

1    **IT IS ORDERED:**

2    (1)    The Application is **GRANTED**; and

3    (2)    On February 22, 2018 at 10:00 a.m. at Wolf, Rifkin, Shapiro, Schulman &

4    Rabkin, LLP, located **at 11400 West Olympic Boulevard, 9th Floor, Los Angeles,**

5    **California 90064-1582**:

6    a.    Judgment Debtor Benjamin Lamar Mathis must appear; and

7    b.    Judgment Debtor Benjamin Lamar Mathis must produce the

8    documents identified in Exhibit "A" to the ORAP.

9    ###

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24    Date: October 30, 2017

25    Vincent P. Zurzolo,
     United States Bankruptcy Judge

26

27

28

2854241.1                                                    -2-
**ORDER RE: APPLICATION TO MODIFY LOCATION OF JUDGMENT DEBTOR EXAMINATION**

# EXHIBIT "G"

1 | MARK J. ROSENBAUM (State Bar No. 167168)
mrosenbaum@wrslawyers.com
2 | WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP
11400 West Olympic Boulevard, 9th Floor
3 | Los Angeles, California 90064-1582
Telephone:    (310) 478-4100
4 | Facsimile:    (310) 479-1422

5 |

Attorneys for Plaintiff,
6 | RANDY LUND

7 |

8 |           **UNITED STATES BANKRUPTCY COURT**

9 |           **CENTRAL DISTRICT OF CALIFORNIA**

10 |           **LOS ANGELES DIVISION**

11 | In re

12 | BENJAMIN LAMAR MATHIS,

13 |           Debtor.

14 | ──────────────────────────────

RANDY LUND, an individual,

15 |           Plaintiff,

16 |

17 |     vs.

18 | BENJAMIN LAMAR MATHIS, an
individual,

19 |           Defendant.

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 | / / /

28 | / / /

Case No. 2:07-bk-19182-VZ

Chapter 7

Adv No. 2:08-ap-01014-VZ

**STIPULATION TO CONTINUE
JUDGMENT DEBTOR
EXAMINATION AS ORDERED ON
SEPTEMBER 7, 2017 TO <u>MARCH 22,
2018</u> [Docs. No. 97 and 102]**

<u>Previous Date, Time & Place</u>
Date:    February 22, 2018
Time:    10:00 a.m.
Place:    Wolf, Rifkin, Shapiro, Schulman
& Rabkin, LLP
11400 W. Olympic Blvd., 9th
Floor
Los Angeles, CA 90064

<u>**New Date, Time & Place**</u>
Date:    March 22, 2018
Time:    10:00 a.m.
Place:    Wolf, Rifkin, Shapiro, Schulman
& Rabkin, LLP
11400 W. Olympic Blvd., 9th
Floor
Los Angeles, CA 90064

## STIPULATION

Plaintiff/Judgment Creditor Randy Lund ("Creditor") and Judgment Debtor Benjamin Lamar Mathis ("Judgment Debtor"), hereby stipulate as follows:

1. On September 7, 2017, the Court issued an Order ordering judgment debtor Benjamin Lamar Mathis to appear for his deposition and produce certain documents on February 22, 2018 at 10:00 a.m. at The Amin Law Group Ltd., located at 2211 Michelson Drive, Suite 1270, Irvine, California 92612, as identified in the Application for Order to Appear for Examination and Production of Documents (the "ORAP") [Doc. No. 97].

2. On October 26, 2017, Creditor's new counsel, Mark Rosenbaum of Wolf, Rifkin, Shapiro, Schulman & Rabkin, LLP ("New Counsel"), substituted into this case and submitted an Application to Modify Location of Judgment Debtor Examination as Ordered on September 7, 2017 (the "Application") [Doc. No. 100], to have the examination take place at New Counsel's office located at 11400 W. Olympic Boulevard, 9th Floor, Los Angeles, California 90064-1582.

3. On October 30, 2017, the Court entered an Order approving New Counsel's Application [Doc. No. 102].

4. The ORAP is currently set for February 22, 2018.

5. The parties believe that it is in the best interest of the Court, and the parties in this action, that the ORAP be continued in order to allow Judgment Debtor to collect the necessary documents to be produced at the ORAP. The parties have agreed to a continuance of the ORAP to **March 22, 2018** at 10:00 a.m. at the law offices of Wolf, Rifkin, Shapiro, Schulman & Rabkin, LLP, 11400 W. Olympic Boulevard, 9th Floor, Los Angeles, California 90064-1582 and for Judgment Debtor to produce copies of all of the documents **prior to March 7, 2018** as identified in the Application for Order to Appear [Doc. No. 96] to the law offices of Wolf, Rifkin, Shapiro, Schulman & Rabkin, LLP as identified above.

6. The parties have also agreed that Judgment Debtor waives personal service of this *Stipulation To Continue Judgment Debtor Examination As Ordered On September*

2982660.1                                              -2-

1  *7, 2017 To March 22, 2018* (the "Stipulation") and any order entered thereon (the "Order

2  on Stipulation"), and agrees to accept service and notice of this Stipulation and Order on

3  Stipulation by electronic mail to mathisentinc@aol.com.

4      NOW, THEREFORE, the parties stipulate as follows:

5      1.   That the ORAP be continued from February 22, 2018 to March 22, 2018 at

6  10:00 a.m. at the law offices of Wolf, Rifkin, Shapiro, Schulman & Rabkin, LLP, 11400

7  W. Olympic Boulevard, 9th Floor, Los Angeles, California 90064-158;

8      2.   That Judgment Debtor produce the documents identified in the Application

9  for Order to Appear [Doc. No. 96] to the law offices of Wolf, Rifkin, Shapiro, Schulman &

10  Rabkin, LLP as identified above, before March 7, 2018;

11      3.   The Judgment Debtor waives personal service of the Stipulation and/or

12  Order on Stipulation and agrees to accept service of the Stipulation and/or any subsequent

13  Order on Stipulation by way of electronic mail at the following address:

14  mathisentinc@aol.com; and

15      4.   That electronic or facsimile signature shall be deemed as originals.

16  DATED: ___2/15/18___, 2018    WOLF, RIFKIN, SHAPIRO,

17          SCHULMAN & RABKIN, LLP

18

19      By: _____

20          MARK J. ROSENBAUM

        Attorneys for Plaintiff, RANDY LUND

21

22  DATED: __February 14__, 2018

23

24      By: _____

        BENJAMIN LAMAR MATHIS

25      Judgment Debtor

26

27

28

2982660.1                           -3-

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

11400 W. Olympic Blvd., 9th Floor, Los Angeles, CA 90064

A true and correct copy of the foregoing document entitled (*specify*): **STIPULATION TO CONTINUE JUDGMENT DEBTOR EXAMINATION AS ORDERED ON SEPTEMBER 7, 2017 TO MARCH 22, 2018 [DOCS. NO. 97 AND 102]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **February 15, 2018**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Ismail Amin**    iamin@aminlawgroup.com, dflandez@aminlawgroup.com
- **Ian Landsberg**    ian@landsberg-law.com, casey@landsberg-law.com;lisa@landsberg-law.com;diana@landsberg-law.com;yesi@landsberg-law.com;ilandsberg@ecf.inforuptcy.com
- **Leonard Pena**    lpena@penalaw.com, penasomaecf@gmail.com;penalr72746@notify.bestcase.com
- **Mark J Rosenbaum**    mrosenbaum@wrslawyers.com, AParisi@wrslawyers.com
- **United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov

☐  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) **February 15, 2018**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**Via U.S. Mail**
Benjamin Lamar Mathis
3500 West Olive Avenue, Ste 300
Burbank, CA 91505

☐  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**:  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **February 15, 2018**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**Via Overnight Delivery**                    **Via Email**
Hon. Vincent P. Zurzolo                       Benjamin Lamar Mathis    mathisentinc@aol.com
United States Bankruptcy Court
Central District of California
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1360 / Courtroom 1368
Los Angeles, CA 90012

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| February 15, 2018 | Andrea Parisi | /s/ Andrea Parisi |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

2864914.1  This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

# EXHIBIT "H"



1   MARK J. ROSENBAUM (State Bar No. 167168)
      mrosenbaum@wrslawyers.com
2   WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP
      11400 West Olympic Boulevard, 9th Floor
3   Los Angeles, California 90064-1582
      Telephone:   (310) 478-4100
4   Facsimile:   (310) 479-1422

5   Attorneys for Plaintiff,
6   RANDY LUND

7

**FILED & ENTERED**

**FEB 20 2018**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY carranza  DEPUTY CLERK

8              **UNITED STATES BANKRUPTCY COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10                  **LOS ANGELES DIVISION**

11   In re                              Case No. 2:07-bk-19182-VZ

12   BENJAMIN LAMAR MATHIS,             Chapter 7

13        Debtor.                       Adv No. 2:08-ap-01014-VZ

14   ─────────────────────────          **ORDER APPROVING STIPULATION
                                         TO CONTINUE JUDGMENT**
15   RANDY LUND, an individual,         **DEBTOR EXAMINATION AS
                                         ORDERED ON SEPTEMBER 7, 2017**
16        Plaintiff,                     **TO <u>MARCH 22, 2018</u>**

17     vs.

18   BENJAMIN LAMAR MATHIS, an
     individual,

19        Defendant.

20   ─────────────────────────

21

22        The Court, having reviewed the *Stipulation to Continue Judgment Debtor*

23   *Examination as Ordered on September 7, 2017* filed February 15, 2018 as Docket No. 107

24   ("<u>Stipulation</u>") and good cause being shown therein:

25        IT IS SO ORDERED THAT:

26        1.    The Stipulation is **APPROVED** in its entirety;

27        2.    The ORAP is continued from February 22, 2018 to **March 22, 2018 at 10:00**

28   **a.m.** at Wolf, Rifkin, Shapiro, Schulman & Rabkin, LLP located at 11400 W. Olympic

1  Boulevard, 9th Floor, Los Angeles, California 90064 at which time Judgment Debtor

2  Benjamin Lamar Mathis must appear in person to provide testimony;

3      3.    That Judgment Debtor Benjamin Lamar Mathis is to produce the documents

4  identified in the Application for Order to Appear [Doc. No. 96] to the law offices of Wolf,

5  Rifkin, Shapiro, Schulman & Rabkin, LLP as identified above, before **March 7, 2018**;

6      4.    That personal service of the Stipulation and this order entered thereon is

7  waived and that service shall be effectuated on Judgment Debtor Benjamin Lamar Mathis

8  by electronic mail at the following address: mathisentinc@aol.com; and

9      5.    That the electronic or facsimile signatures on the Stipulation are deemed as

10  originals.

11                         ###

12

13

14

15

16

17

18

19

20

21

22

23

24  Date: February 20, 2018

25                                 Vincent P. Zurzolo
                               United States Bankruptcy Judge

26

27

28

# EXHIBIT "I"

# TEXAS SECRETARY of STATE
# ROLANDO B. PABLOS

UCC | **Business Organizations** | **Trademarks** | **Notary** | **Account** | **Help/Fees** | **Briefcase** | **Logout**

**BUSINESS ORGANIZATIONS INQUIRY - VIEW ENTITY**

| | | | |
|---|---|---|---|
| **Filing Number:** | 153064000 | **Entity Type:** | Domestic For-Profit Corporation |
| **Original Date of Filing:** | April 1, 1999 | **Entity Status:** | In existence |
| **Formation Date:** | N/A | | |
| **Tax ID:** | 32001433856 | **FEIN:** | |
| **Duration:** | Perpetual | | |

| | |
|---|---|
| **Name:** | MATHIS ENTERTAINMENT, INC. |
| **Address:** | PO BOX 1209 |
| | RICHMOND, TX 77406 USA |

| REGISTERED AGENT | FILING HISTORY | NAMES | MANAGEMENT | ASSUMED NAMES | ASSOCIATED ENTITIES |
|---|---|---|---|---|---|
| **Name** | | **Address** | | **Inactive Date** | |
| Margaret M Mathis | | 502 BAYOU DR BOX 1209 Richmond, TX 77406 USA | | | |

Order    Return to Search

Instructions:
⦿ To place an order for additional information about a filing press the 'Order' button.

# TEXAS SECRETARY of STATE
# ROLANDO B. PABLOS

## BUSINESS ORGANIZATIONS INQUIRY - VIEW ENTITY

| | | | |
|---|---|---|---|
| **Filing Number:** | 153064000 | **Entity Type:** | Domestic For-Profit Corporation |
| **Original Date of Filing:** | April 1, 1999 | **Entity Status:** | In existence |
| **Formation Date:** | N/A | | |
| **Tax ID:** | 32001433856 | **FEIN:** | |
| **Duration:** | Perpetual | | |

| | |
|---|---|
| **Name:** | MATHIS ENTERTAINMENT, INC. |
| **Address:** | PO BOX 1209 |
| | RICHMOND, TX 77406 USA |

| REGISTERED AGENT | FILING HISTORY | NAMES | MANAGEMENT | ASSUMED NAMES | ASSOCIATED ENTITIES |
|---|---|---|---|---|---|

| View Image | Document Number | Filing Type | Filing Date | Effective Date | Eff. Cond | Page Count |
|---|---|---|---|---|---|---|
| 🖺 | 6964396 | Articles Of Incorporation | April 1, 1999 | April 1, 1999 | No | 6 |
| 🖺 | 32736170001 | Public Information Report (PIR) | December 31, 2002 | April 28, 2003 | No | 1 |
| 🖺 | 31733900001 | Public Information Report (PIR) | December 31, 2002 | April 11, 2003 | No | 1 |
| 🖺 | 42846890001 | Public Information Report (PIR) | December 31, 2003 | September 27, 2003 | No | 1 |
| 🖺 | 75285720001 | Public Information Report (PIR) | December 31, 2004 | November 18, 2004 | No | 1 |
| 🖺 | 125118040001 | Public Information Report (PIR) | December 31, 2005 | April 13, 2006 | No | 1 |
| 🖺 | 148555930001 | Public Information Report (PIR) | December 31, 2006 | October 21, 2006 | No | 1 |
| 🖺 | 191055820001 | Public Information Report (PIR) | December 31, 2007 | October 28, 2007 | No | 1 |
| 🖺 | 261645120001 | Public Information Report (PIR) | December 31, 2008 | June 12, 2009 | No | 1 |
| 🖺 | 300945130001 | Public Information Report (PIR) | December 31, 2009 | March 28, 2010 | No | 1 |
| 🖺 | 346491900001 | Public Information Report (PIR) | December 31, 2010 | December 18, 2010 | No | 1 |
| 🖺 | 396762340001 | Public Information Report (PIR) | December 31, 2011 | November 12, 2011 | No | 1 |
| 🖺 | 440140050001 | Public Information Report (PIR) | December 31, 2012 | August 25, 2012 | No | 1 |
| 🖺 | 517082920001 | Public Information Report (PIR) | December 31, 2013 | November 25, 2013 | No | 1 |
| 🖺 | 562334330001 | Public Information Report (PIR) | December 31, 2014 | August 19, 2014 | No | 1 |
| 🖺 | 625321360001 | Public Information Report (PIR) | December 31, 2015 | August 19, 2015 | No | 1 |
| 🖺 | 733644820001 | Public Information Report (PIR) | December 31, 2016 | May 3, 2017 | No | 1 |
| 🖺 | 777425350001 | Public Information Report (PIR) | December 31, 2017 | November 30, 2017 | No | 1 |

[Order]    [Return to Search]

Instructions:
● To place an order for additional information about a filing press the 'Order' button.

# TEXAS SECRETARY of STATE
# ROLANDO B. PABLOS

<u>UCC</u> | <u>Business Organizations</u> | <u>Trademarks</u> | <u>Notary</u> | <u>Account</u> | <u>Help/Fees</u> | <u>Briefcase</u> | <u>Logout</u>

### BUSINESS ORGANIZATIONS INQUIRY - VIEW ENTITY

| | | | |
|---|---|---|---|
| **Filing Number:** | 153064000 | **Entity Type:** | Domestic For-Profit Corporation |
| **Original Date of Filing:** | April 1, 1999 | **Entity Status:** | In existence |
| **Formation Date:** | N/A | | |
| **Tax ID:** | 32001433856 | **FEIN:** | |
| **Duration:** | Perpetual | | |

| | |
|---|---|
| **Name:** | MATHIS ENTERTAINMENT, INC. |
| **Address:** | PO BOX 1209 |
| | RICHMOND, TX 77406 USA |

| REGISTERED AGENT | FILING HISTORY | NAMES | MANAGEMENT | ASSUMED NAMES | ASSOCIATED ENTITIES |
|---|---|---|---|---|---|
| **Name** | | **Name Status** | **Name Type** | **Name Inactive Date** | **Consent Filing #** |
| MATHIS ENTERTAINMENT, INC. | | In use | Legal | | |

[ Order ]    [ Return to Search ]

Instructions:
- To place an order for additional information about a filing press the 'Order' button.

# TEXAS SECRETARY of STATE
## ROLANDO B. PABLOS

### BUSINESS ORGANIZATIONS INQUIRY - VIEW ENTITY

| | | | |
|---|---|---|---|
| **Filing Number:** | 153064000 | **Entity Type:** | Domestic For-Profit Corporation |
| **Original Date of Filing:** | April 1, 1999 | **Entity Status:** | In existence |
| **Formation Date:** | N/A | | |
| **Tax ID:** | 32001433856 | **FEIN:** | |
| **Duration:** | Perpetual | | |
| **Name:** | MATHIS ENTERTAINMENT, INC. | | |
| **Address:** | PO BOX 1209 | | |
| | RICHMOND, TX 77406 USA | | |

| REGISTERED AGENT | FILING HISTORY | NAMES | MANAGEMENT | ASSUMED NAMES | ASSOCIATED ENTITIES |
|---|---|---|---|---|---|
| **Last Update** | **Name** | **Title** | **Address** | | |
| August 25, 2012 | BENJAMIN MATHIS | PRESIDENT | PO BOX 1209 RICHMOND, TX 77406 USA | | |
| August 25, 2012 | MARGARET MATHIS | SECRETARY | PO BOX 1209 RICHMOND, TX 77406 USA | | |
| August 25, 2012 | BENJAMIN MATHIS | DIRECTOR | PO BOX 1209 RICHMOND, TX 77406 USA | | |

Order    Return to Search

Instructions:
- To place an order for additional information about a filing press the 'Order' button.

# EXHIBIT "J"

# The State of Texas

## Secretary of State

APR. 5, 1999

SIDNEY LEVINE
BOX 592
SEALY          , TX 77474

RE:
MATHIS ENTERTAINMENT, INC.

CHARTER NUMBER 01530640-00

IT HAS BEEN OUR PLEASURE TO APPROVE AND PLACE ON RECORD THE ARTICLES
OF INCORPORATION THAT CREATED YOUR CORPORATION. WE EXTEND OUR BEST
WISHES FOR SUCCESS IN YOUR NEW VENTURE.

AS A CORPORATION, YOU ARE SUBJECT TO STATE TAX LAWS. SOME NON-PROFIT
CORPORATIONS ARE EXEMPT FROM THE PAYMENT OF FRANCHISE TAXES AND MAY
ALSO BE EXEMPT FROM THE PAYMENT OF SALES AND USE TAX ON THE PURCHASE
OF TAXABLE ITEMS. IF YOU FEEL THAT UNDER THE LAW YOUR CORPORATION IS
ENTITLED TO BE EXEMPT YOU MUST APPLY TO THE COMPTROLLER OF PUBLIC AC-
COUNTS FOR THE EXEMPTION. THE SECRETARY OF STATE CANNOT MAKE SUCH
DETERMINATION FOR YOUR CORPORATION.

IF WE CAN BE OF FURTHER SERVICE AT ANY TIME, PLEASE LET US KNOW.

VERY TRULY YOURS,

Elton Bomer, Secretary of State

SM-CH



# The State of Texas

## Secretary of State

CERTIFICATE OF INCORPORATION

OF

MATHIS ENTERTAINMENT, INC.
CHARTER NUMBER  01530640

THE UNDERSIGNED, AS SECRETARY OF STATE OF THE STATE OF TEXAS,
HEREBY CERTIFIES THAT THE ATTACHED ARTICLES OF INCORPORATION FOR THE
ABOVE NAMED CORPORATION HAVE BEEN RECEIVED IN THIS OFFICE AND ARE
FOUND TO CONFORM TO LAW.

ACCORDINGLY, THE UNDERSIGNED, AS SECRETARY OF STATE, AND BY VIRTUE
OF THE AUTHORITY VESTED IN THE SECRETARY BY LAW, HEREBY ISSUES THIS
CERTIFICATE OF INCORPORATION.

ISSUANCE OF THIS CERTIFICATE OF INCORPORATION DOES NOT AUTHORIZE
THE USE OF A CORPORATE NAME IN THIS STATE IN VIOLATION OF THE RIGHTS OF
ANOTHER UNDER THE FEDERAL TRADEMARK ACT OF 1946, THE TEXAS TRADEMARK LAW,
THE ASSUMED BUSINESS OR PROFESSIONAL NAME ACT OR THE COMMON LAW.


DATED APR.  1, 1999

EFFECTIVE APR.  1, 1999



Elton Bomer, Secretary of State

**FILED**
In the Office of the
Secretary of State of Texas

APR 1  1999

Corporations Section

ARTICLES OF INCORPORATION

OF

MATHIS ENTERTAINMENT, INC.

I, the undersigned natural person of the age of eighteen (18) years or more, acting as incorporator of a Corporation under the Texas Business Corporation Act, do hereby adopt the following Articles of Incorporation for such Corporation:

### ARTICLE ONE

#### Name

The name of the Corporation is Mathis Entertainment, Inc. (hereinafter sometimes referred to as the "Corporation").

### ARTICLE TWO

#### Duration

The period of duration of the Corporation is perpetual.

### ARTICLE THREE

#### Purposes

The purpose or purposes for which the Corporation is organized is:

A. For the transaction of any or all lawful business for which corporations may be incorporated under the Texas Business Corporation Act.

B. The Corporation may do all and anything necessary and proper for the accomplishment of the stated purposes herein or the obtaining of any objects or the furtherance of any of the purposes enumerated in these Articles of Incorporation or any amendment thereof, necessary or incidental to the protection and benefit of the Corporation, and in general, either alone or in association with other firms, individuals, corporations or associations, to carry on any lawful pursuit necessary or incidental to the accomplishment of the purposes or objects of the Corporation.

C. The foregoing paragraphs shall be construed as enumerating both objects and purposes of the Corporation and it is hereby expressly provided that the foregoing enumeration of specific purposes shall not be held to limit or restrict in any manner the purposes of the Corporation otherwise permitted by law, since it is understood that the Corporation may engage in the

1

transaction of any or all lawful business for which the Corporation
may be incorporated under the Texas Business Corporation Act.

## ARTICLE FOUR

### Authorized Shares

The aggregate number of shares which the Corporation shall
have authority to issue is one million (1,000,000) of the par value
of One and No/100 Dollar ($1.00) per share.  All of said shares
shall be of one class to be known as "Common Stock".

## ARTICLE FIVE

### Initial Consideration For Issuance of Shares

The Corporation will not commence or transact any business or
incur any indebtedness, except such as shall be incidental to its
organization or to obtaining subscriptions to or payment for its
shares, until it has received for the issuance of its shares
consideration of the value of at least One Thousand Dollars
($1,000.00), consisting of money, labor done or property actually
received.  Shares of Common Stock, when issued, shall be fully paid
and non-assessable and no shareholder shall have the obligation or
liability of any kind to any creditor of the Corporation by reason
of his ownership of such shares.

## ARTICLE SIX

### Granting of Preemptive Rights

Shareholders shall be entitled, as a matter of right, to
subscribe for, purchase or receive any shares of Common Stock or
any rights or options of the Corporation which it may issue or
sell, whether out of the number of shares authorized by these
Articles of Incorporation or by amendment thereof, or out of the
shares of the stock of the Corporation acquired by it after the
issuance thereof; and any Shareholder shall be entitled, as a
matter of right, to subscribe for, purchase or receive any bonds,
debentures or other securities which the Corporation may issue or
sell that shall be convertible into or exchangeable for stock, or
to which shall be attached or appertain any warrant or warrants or
other instrument or instruments that shall confer upon the holder
or holders of such obligations the right to subscribe for, purchase
or receive from the Corporation any shares of its authorized
Capital Stock.

2

## ARTICLE SEVEN

### Prohibition on Cumulative Voting

At each election for Directors, every Shareholder entitled to vote at such election shall have the right to vote, in person or by proxy, the number of shares owned by him for as many persons as there are Directors to be elected and for whose election he has the right to vote, but it is expressly prohibited for any Shareholder to cumulate his votes by giving one candidate as many votes as the number of such Directors multiplied by his shares shall equal, or by distributing such votes on such principle among any number of such candidates.

## ARTICLE EIGHT

### Provisions for Regulation of the
### Internal Affairs of the Corporation

The following provisions are set forth for the regulation of the Corporation and its internal affairs to the extent that such provisions are not inconsistent with the law:

No Director and no officer of the Corporation shall be disqualified by reason of his directorship or office from dealing with or contracting with the Corporation as vendor, purchaser, mortgagor, mortgagee or otherwise; and no transaction between the Corporation and any firm in which one (1) or more of its officers are members or employees or in which they are otherwise pecuniarily interested, or between the Corporation and any corporation or association in which one or more of its officers are shareholders, members, directors, officers or employees, or in which they are otherwise interested, shall be void or voidable by reason of such office in this Corporation or such interest in such other firm, corporation or association.

No contract or other transaction between the Corporation and any firm of which one (1) or more of its Directors are members or employees, or in which they are otherwise pecuniarily interested, or between the Corporation and any corporation or association in which one (1) or more of its Directors are shareholders, members, directors, officers or employees, or in which they are otherwise interested, shall be void or voidable by reason of such directorship in this Corporation or such interest in such other firm, corporation or association, notwithstanding the presence of such Director or Directors at the meeting of the Board of Directors of this Corporation which acts upon or in reference to such contract or transaction, and notwithstanding his or their participation in such action if (i) the fact of such interest shall be disclosed or known to the Board of Directors and the Board of Directors shall authorize, approve or ratify such contract or transaction by vote of a majority of the Directors present, such

3

interested Director or Directors to be counted in determining whether a quorum is present but not to be counted in calculating the majority necessary to carry such vote; or (ii) the facts of such interest shall be disclosed or known to the Shareholders and the Shareholders, by written consent or by vote of holders of record of a majority of all of the outstanding shares of stock entitled to vote, shall authorize, approve or ratify such contract or transaction; nor shall any Director be liable to account to this Corporation for any profits realized by or from or through any such transaction or contract of the Corporation so authorized, ratified or approved by reason of such directorship or interest. Nothing herein contained shall create liability in the events above-described or prevent the authorization, ratification or approval of such transactions or contracts in any other manner permitted by law. This Article shall not be construed to invalidate any contract or transaction which would otherwise be valid under the common and statutory law applicable thereto.

Any contract, transaction or act of the Corporation or Directors which shall be ratified by a majority of the quorum of the Shareholders of the Corporation entitled to vote at any annual meeting or at any special meeting called for such purpose, insofar as permitted by law, shall be as valid and as binding as though ratified by every Shareholder of the Corporation; provided, however, that any failure of the Shareholders to approve or ratify any such contract, transaction or act, when and if submitted, shall not be deemed to invalidate in any way the same or deprive the Corporation, its Directors, officers or employees of any of its or their rights to proceed with such transaction, contract or act.

### ARTICLE NINE

### Initial Registered Agent and Registered Office

The street address of its initial Registered Office and the name of its initial Registered Agent at such address is:

| Registered Agent | Registered Office |
|---|---|
| Margaret M. Mathis | 502 Bayou Drive |
| | P. O. Box 1209 |
| | Richmond, Texas  77406-1209 |

### ARTICLE TEN

### Board of Directors

The number of directors constituting the Board of Directors shall be not less than one (1) nor more than such number as shall be fixed and established by the Bylaws of the Corporation as from time to time amended. The number of directors presently constituting the Board of Directors is two (2) and the name and

4

address of the persons who are to serve as directors until the first annual meeting of the shareholders or until their successor is elected and qualified is:

| Name | Address |
|------|---------|
| Margaret M. Mathis | P. O. Box 1209<br>Richmond, Texas  77406 |
| Benjamin Lamar Mathis | 12011 Rochester Avenue #2<br>Los Angeles, California  90025 |

## ARTICLE ELEVEN

### Incorporator

The name and address of the incorporator of the Corporation is:

| Name | Address |
|------|---------|
| Sidney Levine | P. O. Box 592<br>Sealy, Texas  77474 |

## ARTICLE TWELVE

### Miscellaneous

Any action, required or permitted by law, these Articles of Incorporation or by Bylaws of the Corporation, to be taken at a meeting of the shareholders or directors of the Corporation, may be taken without a meeting if consent in writing, setting forth the action so taken, shall be signed by all of the Shareholders or directors (as applicable) and such consent shall be valid as if a vote was taken at a formal meeting held after such call and notice thereof as may be otherwise required by law or by Bylaws of the Corporation.

The Board of Directors shall have the power to adopt the initial Bylaws for the Corporation and, in addition to the shareholders, shall have the further power to repeal, make and/or amend the Bylaws of the Corporation in such manner and in accordance with such procedure as may be provided in said Bylaws.

5

IN WITNESS WHEREOF, the undersigned incorporator of the Corporation has executed these Articles of Incorporation on this ___31st___ day of ___March___, 1999.

INCORPORATOR



SIDNEY LEVINE

STATE OF TEXAS

COUNTY OF AUSTIN

I, the undersigned authority, a Notary Public in and for said county and state, do hereby certify that on this day personally appeared SIDNEY LEVINE, who being by me first duly sworn, declared that he is the person who signed the foregoing instrument as incorporator and that the statements therein contained are true and correct.

GIVEN UNDER MY HAND AND SEAL OF OFFICE, this _31st_ day of _March_, 1999.

MAURINE BRACK
MY COMMISSION EXPIRES
November 14, 2001

NOTARY PUBLIC, STATE OF TEXAS

6

# EXHIBIT "K"



# Franchise Tax Account Status

As of : 10/17/2017 15:30:23

**This Page is Not Sufficient for Filings with the Secretary of State**

## MATHIS ENTERTAINMENT, INC.

| | |
|---|---|
| **Texas Taxpayer Number** | 32001433856 |
| **Mailing Address** | PO BOX 1209 RICHMOND, TX 77406-0031 |
| ❷ **Right to Transact Business in Texas** | ACTIVE |
| **State of Formation** | TX |
| **Effective SOS Registration Date** | 04/01/1999 |
| **Texas SOS File Number** | 0153064000 |
| **Registered Agent Name** | MARGARET M MATHIS |
| **Registered Office Street Address** | 502 BAYOU DR BOX 1209 RICHMOND, TX 77406 |

# EXHIBIT "L"

```
 1        Q.   Do you have any children?

 2        A.   No.

 3        Q.   Do you own any real property?

 4        A.   No.

 5        Q.   Do you have any other sources of income other

 6   than your podcast?

 7        A.   No.

 8        Q.   Do you have a safe deposit box?

 9        A.   No.

10        Q.   Do you have a right to access a safe deposit

11   box?

12        A.   No.

13        Q.   Do you have any deposit savings, checking or

14   other accounts?

15        A.   No.

16        Q.   Where do you keep your money?

17        A.   I mostly operate off of credit cards.

18        Q.   How do you pay the credit cards?

19        A.   Well, my mother has a credit card that I'm

20   on.  So I've used that and she pays that.

21        Q.   Do you have control over any deposit,

22   savings, checking or other account that you haven't

23   described before?

24        A.   No.

25        Q.   Do you have power of attorney to sign checks?
```

```
 1        Q.   Do you have the exact address?

 2        A.   I don't have the exact address offhand, but I

 3   believe it was furnished to you guys.  It's on Fair

 4   Oaks Avenue in Pasadena.

 5        Q.   And how much do you pay in rent a month for

 6   the unit?

 7        A.   I think it's around 4- to 500.

 8        Q.   And who pays for that?

 9        A.   It goes on my American Express.

10        Q.   And so you have one credit card?

11        A.   Yeah.  It automatically charges to that.

12        Q.   And the one credit card you have is an

13   American Express?

14        A.   Yeah.

15        Q.   And what property do you have in the storage

16   unit?

17        A.   It's mostly paperwork and books.  There's

18   some furniture, patio furniture, a mattress, I think a

19   couch.  Maybe a couple of lamps.  DVD player.

20        Q.   Who owns the shares in Mathis Entertainment,

21   Inc.?

22        A.   I do.

23        Q.   Do you own 100 percent of the shares?

24        A.   I'm not 100 percent sure.  I'd have to look

25   at the documents, the incorporation documents again.
```

                                                            28

| | | |
|---|---|---|
| 1 | Q. | Do you have the stock certificates with you? |
| 2 | A. | No. |
| 3 | Q. | Where are the stock certificates? |
| 4 | A. | I believe -- I honestly don't know.  I would |
| 5 | | assume that they're probably in Texas. |
| 6 | Q. | Where in Texas? |
| 7 | A. | Probably in a safe -- in my mother's safe, I |
| 8 | | imagine.  I don't know. |
| 9 | Q. | So stock certificates are in a safe -- in |
| 10 | | your mother's safe in Texas at her home? |
| 11 | A. | Yeah.  At their home in Texas.  I assume so. |
| 12 | | She's technically secretary of the company, so...  and |
| 13 | | it's a Texas corporation. |
| 14 | Q. | And your parents are married? |
| 15 | A. | Yes. |
| 16 | Q. | They live together? |
| 17 | A. | Yes. |
| 18 | Q. | What's their address? |
| 19 | | MR. PEÑA:  Well -- why is it important? |
| 20 | | MR. MEDIONI:  To know where the stock |
| 21 | | certificates are located. |
| 22 | | MR. PEÑA:  Are you sure they're in there? |
| 23 | | THE WITNESS:  Well, no.  I don't know.  I |
| 24 | | don't know if -- would there be a stock certificate, I |
| 25 | | don't know.  I'm saying I don't know.  I'm guessing. |

29

```
 1    I have no idea.

 2         Q.   BY MR. MEDIONI:  You said they were in a

 3    safety deposit box or a safe in your parent's house?

 4         A.   Well, no.  I was -- okay.  I was guessing

 5    that it might be in a safe.  I mean, I would assume

 6    that something like that would be kept in a safe.  I

 7    don't know that by any means.

 8         Q.   Even if it's not in a safe.  If it's in their

 9    residence, I'm just asking for their address?

10         A.   If there's a stock certificate, then I know

11    that I don't have it.  So she -- I assume that maybe

12    she would be holding on to it for me.  I mean, I

13    haven't dealt with this in 20 years.

14         Q.   Fair enough.  What's their address?

15              MR. PEÑA:  That's fine.

16              THE WITNESS:  Okay.  502 Bayou Drive,

17    Richmond, Texas 77469.  I mean, I don't know, would

18    there be a stock certificate?  Is that inherent in a

19    C corp, that there has to be a stock certificate?

20    Because I don't know that I've ever seen one.

21         Q.   BY MR. MEDIONI:  Do you own any

22    cryptocurrency?

23         A.   No.

24         Q.   Have you ever owned any cryptocurrency?

25         A.   No.
```

30

```
 1       Q.   So your sole income is from your podcast

 2   show, correct?

 3       A.   Yes.

 4       Q.   Do you own the content?

 5       A.   Yes.  Well, I mean, sorry, I take that back.

 6   My company owns the content.  I don't personally own

 7   the content.

 8       Q.   How often do you have episodes on your

 9   podcast?

10       A.   Twice a week.

11       Q.   And how long is each episode?

12       A.   About 45 minutes.

13       Q.   How many listeneners do you have on average?

14       A.   It varies but I would say probably a couple

15   hundred thousand.

16       Q.   Do you have advertisers?

17       A.   Yes.

18       Q.   Are they called advertisers or sponsors?

19       A.   Either way, it's interchanged.

20       Q.   Can you tell me some of the sponsors that you

21   have?

22            MR. PEÑA:  You kept on saying "you," you're

23   talking about the corporation, not him personally.

24            THE WITNESS:  Right.  Yeah.

25            MR. PEÑA:  So keep in mind that you don't
```

31

 1    have a judgment against his company.

 2              MR. MEDIONI:  Of course.

 3              MR. PEÑA:  So who -- are the sponsors yours?

 4    Or explain that so there's no confusion.

 5              THE WITNESS:  Would -- yeah.  I mean, the

 6    sponsors are -- I'm trying to think of who had been

 7    sponsors fairly recently.  Blue Apron, Google, Hulu,

 8    companies like that.

 9        Q.   BY MR. MEDIONI:  And what the sponsorship

10    agreement -- what are the terms of the sponsorship

11    agreement?

12        A.   Basically, the terms of the sponsorship

13    agreement, I mean, it's handled by our advertising

14    company.  They just book ads and they let me know when

15    they have an ad and I read it.  So I don't know what

16    terms they work out with them.  But, no.

17        Q.   So you have an advertising company that

18    represents you?

19        A.   Right.

20        Q.   And they find sponsors or advertisers --

21        A.   Correct.

22        Q.   -- and they negotiate agreements with the

23    sponsors or advertisers?

24        A.   Correct.

25        Q.   Do you pay the advertising company?

                                                              32

```
 1        A.    No.  They take a percentage of whatever adds
 2   they book.
 3        Q.    And the advertisers pay your corporation?
 4        A.    Yeah.  Well, they pay Midroll and then
 5   Midroll then remits it to the corporation.  Yes.
 6        Q.    Midroll is the name of the advertising
 7   company?
 8        A.    Yeah.
 9        Q.    What's the formal name of the company?
10        A.    Just Midroll.
11        Q.    And where are they located?
12        A.    Technically, I'm not sure.  I've never been
13   in their offices.  I don't know.
14        Q.    Is there a particular accounts manager that
15   you deal with?
16        A.    Just general advertising.
17        Q.    Not one person?
18        A.    No.  Not one person.
19        Q.    Do you know anybody that works at the
20   company?
21        A.    I mean, I -- nominally, yeah.  I mean, I
22   don't have a specific person who handles my account.
23   It's just a general -- I get, you know, yeah, no, I
24   don't really know anyone at the company.
25        Q.    And how often do advertisers pay Midroll?
```

33

```
 1      A.   I -- how often do they pay them?  I don't

 2   know what their schedule is, their payment schedule is

 3   with them --

 4      Q.   Once a month?

 5      A.   -- I don't deal with that.

 6           I don't know.  That's -- I don't deal with

 7   that end of it.

 8      Q.   And how often does Midroll pay you?

 9      A.   Usually about once a month.

10      Q.   And approximately how much does Midroll pay

11   you per month?

12           MR. PEÑA:  And you is not him.  You're

13   talking about how often they pay --

14           THE WITNESS:  Yes.  They pay the company.

15   Sorry, yeah.

16      Q.   BY MR. MEDIONI:  And how much do they pay

17   Mathis Entertainment, Inc.?

18      A.   It varies by the month.

19      Q.   On average?

20      A.   On average, anywhere from 3,000 to maybe

21   10,000, 15,000 tops.

22      Q.   And you said that the company, your company's

23   average monthly expenses are about 4- to 5,000?

24      A.   Uh-huh.  Although that varies as well.

25      Q.   On average, correct?
```

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

11400 W. Olympic Blvd., 9th Floor, Los Angeles, CA 90064

A true and correct copy of the foregoing document entitled (*specify*): **NOTICE OF APPLICATION AND APPLICATION FOR TURNOVER ORDER IN AID OF EXECUTION; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **February 28, 2019**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Ismail Amin    iamin@aminlawgroup.com, dflandez@aminlawgroup.com
- Elsa M Horowitz    ehorowitz@wrslawyers.com, aparisi@wrslawyers.com
- Ian Landsberg    ian@landsberg-law.com, casey@landsberg-law.com;lisa@landsberg-law.com;diana@landsberg-law.com;yesi@landsberg-law.com;ilandsberg@ecf.inforuptcy.com
- Leonard Pena    lpena@penalaw.com, penasomaecf@gmail.com;penalr72746@notify.bestcase.com
- Mark J Rosenbaum    mrosenbaum@wrslawyers.com, AParisi@wrslawyers.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **February 28, 2019**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**Via U.S. Mail**
Benjamin Lamar Mathis
3500 West Olive Avenue, Suite 300
Burbank, CA 91505

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **February 28, 2019**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**Via Overnight Delivery**                         **Via Email**
Hon. Vincent P. Zurzolo                             Benjamin Lamar Mathis – mathisentinc@aol.com
United States Bankruptcy Court
Central District of California
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1360
Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| February 28, 2019 | Andrea Parisi | /s/ Andrea Parisi |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

3440485.1  This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                              **F 9013-3.1.PROOF.SERVICE**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

11400 W. Olympic Blvd., 9th Floor, Los Angeles, CA 90064

A true and correct copy of the foregoing document entitled (*specify*): **NOTICE OF SERVICE OF ORDER TO SHOW CAUSE** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **September 12, 2019**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Ismail Amin    iamin@aminlawgroup.com, dflandez@aminlawgroup.com
- Elsa M Horowitz    ehorowitz@wrslawyers.com, aparisi@wrslawyers.com
- Ian Landsberg    ian@landsberg-law.com, casey@landsberg-law.com;lisa@landsberg-law.com;diana@landsberg-law.com;yesi@landsberg-law.com;ilandsberg@ecf.inforuptcy.com
- Leonard Pena    lpena@penalaw.com, penasomaecf@gmail.com;penalr72746@notify.bestcase.com
- Mark J Rosenbaum    mrosenbaum@wrslawyers.com, AParisi@wrslawyers.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

☐  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) **September 12, 2019**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

**Via U.S. Mail**
Leonard Pena, Esq.
Pena & Soma, APC
402 S. Marengo Ave, Ste. B
Pasadena, CA 91101

☐  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **September 12, 2019**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

**Via Overnight Delivery**
Hon. Vincent P. Zurzolo
United States Bankruptcy Court
Central District of California
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1360
Los Angeles, CA 90012

**Via Overnight Delivery**
Benjamin Lamar Mathis
275 East Green Street #1431
Pasadena, CA 91101

**Via Overnight Delivery**
Benjamin Lamar Mathis
3000 West Olive Avenue, Suite 300
Burbank, CA 91505

**Via Overnight Delivery**
Benjamin Lamar Mathis
95 N. Marengo Avenue, Suite 204
Pasadena, CA 91101

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| September 12, 2019 | Andrea Parisi | /s/ Andrea Parisi |
|---|---|---|
| Date | Printed Name | Signature |

3800433.1  This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                          **F 9013-3.1.PROOF.SERVICE**